the assets, and the book value of its stock. Since the bankruptcy the defendant has come into possession of the books of the corporation, and the plaintiff seeks to prove by them the true facts as to which, as it is said, the defendant made the false representations. The application was denied, as appears from the order, because of plaintiff's laches based presumably on the fact that the application for inspection was not made until the cause was about to be tried. The defendant does not appear to have been prejudiced by the delay, and it affirmatively appears that plaintiff only learned that the books were in defendant's possession two or three days before the motion was made. In so far as appears, there was no reason why plaintiff should have assumed that the books had been delivered to defendant. The books are not defendant's any more than they are plaintiff's, and we see no reason why plaintiff should not be allowed to inspect them before trial.

Order reversed, with $10 costs and disbursements, and motion granted. All concur.

---

### In re LESSTER'S WILL.

(Supreme Court, Appellate Division, First Department. March 22, 1912.)

1. ATTORNEY AND CLIENT (§ 75*)—SUBSTITUTION OF ATTORNEYS—MISCONDUCT.

The determination as to whether an attorney in a will contest had been guilty of such misconduct as to justify an unconditional substitution should not have been made on conflicting affidavits.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 110–119; Dec. Dig § 75.*]

2. ATTORNEY AND CLIENT (§ 75*)—SUBSTITUTION OF ATTORNEYS—MISCONDUCT.

An order directing a referee to take proof as to charges against an attorney in a will contest, in order to determine whether there shall be an unconditional substitution, and directing the surrender by the attorney of papers, should protect the attorney's rights by providing for the retention of his lien for the value of services on the interest of his employer in the estate, or on any property or sum agreed to be given the employer in settlement of the contest, subject to the determination as to whether such lien has been forfeited by misconduct.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 110–119; Dec. Dig. § 75.*]

Appeal from Surrogate's Court, New York County.

In the matter of proving the last will and testament of William C. Lesster, deceased. From an order directing a substitution of attorneys, the deposed attorney appeals. Order modified and affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

John Leary, for appellant.
James F. Lynch, for respondent.

PER CURIAM. [1] The question, whether the appellant had been guilty of such misconduct as to justify an unconditional substitution of attorneys, should not have been determined on conflicting affidavits.

---

[2] Pending the determination of that question, the appellant's rights should in some manner be protected. We think he will be fully protected by an order preserving his lien on the respondent's interest in the estate in controversy.

The order should be modified so as to direct the referee to take proof as to the charges against the appellant and so as to provide for a substitution of attorneys and the surrender of papers on condition that the appellant retain a lien for the value of his services on the respondent's interest in said estate and on any property or sum of money agreed to be transferred or paid to the respondent in settlement of the will contest, subject, however, to the determination of the question whether said lien has been forfeited for misconduct; and as thus modified the order should be affirmed, with $10 costs and disbursements to the appellant.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

