## (February 15, 1972)

■ AUTOMOTIVE OASIS, INC., et al., Appellants, v. WILLIAM A. DONALDSON, Defendant. MAIMAN, FUHRER, MELAMED, COOPERMAN & ISRAEL, Respondents.— Order, Supreme Court, New York County, entered on April 15, 1971, unanimously modified, on the law and facts and in the exercise of discretion, to the extent of reversing so much of the order as denied plaintiffs' motion to discharge the outgoing attorneys' lien and denied the latter's cross motion to fix the amount of the lien with leave to renew upon final disposition of the action, and the motion is remanded to Special Term with direction to conduct an immediate hearing on the issue of justification of the discharge and if found without sufficient cause, to thereupon fix the amount of the lien; and otherwise affirmed, without costs and without disbursements. The issue as to whether the discharge was justified should not have been decided on affidavits without a hearing. (*Matter of Weitling*, 266 N. Y. 184; *Matter of Lesster*, 149 App. Div. 938.) We deem it advisable that all remaining issues be determined upon the hearing hereby directed. Concur — Stevens, P. J., McGivern, Kupferman, McNally and Macken, JJ.

■ LEP TRANSPORT, INC., Appellant, v. WEATHER GAY INTERNATIONAL, INC., et al., Respondents, et al., Defendant.— Order, Supreme Court, New York County, entered on June 11, 1971, denying plaintiff's motion for a preliminary injunction and granting defendants' cross motion to dismiss the complaint for failure to state a cause of action, unanimously modified, on the law, to delete dismissal of the complaint and to direct judgment for the defendants declaring that plaintiff enjoys no lien superior to the lien of defendant Talcott, and otherwise affirmed, without prejudice to commencement of any action for money damages that plaintiff may be advised to bring. Respondents shall recover of appellant $50 costs and disbursements of this appeal. We agree with the conclusions reached by Special Term. However, we have repeatedly held that in an action for a declaratory judgment the complaint should not be dismissed if a proper case is made out for a declaration of rights. Special Term should have made a declaration of the rights of the parties as to the subject matters of the litigation, as indicated above (*Lanza* v. *Wagner*, 11 N Y 2d 317; *New York Sporting Arms Assn.* v. *City of New York*, 31 A D 2d 793, and cases cited therein.) Concur — Markewich, J. P., Nunez, Kupferman, Murphy and Steuer, JJ.