Leonard H. Sandler, J.
This is an action by a co-operative apartment building to recover three months ’ maintenance *215 charges and accompanying counsel fees from a husband and wife, now separated and engaged in a bitter marital litigation, which charges were incurred while the defendants were living together in the apartment. Since the amount owing on the apartment is conceded, and the defendants were and are joint owners, plaintiff is clearly entitled to a judgment against both.
The main issues litigated arose from the cross claims interposed by the defendants, in which each in effect asked the court to fix the ultimate liability for the obligation on the other. Mrs. Bachmann’s argument is that the maintenance charges are necessaries for which her husband is responsible, and that he has failed to provide her with moneys sufficient to pay any judgment entered against her. Mr. Bachmann’s contention is that he had provided his wife with sufficient moneys to pay. the maintenance charges as well as all other necessaries, and that the debt arose from her failure to apply the moneys given to her for its intended purpose.
The relevant facts established at the trial, for the most part undisputed, are these. During the course of the marriage, the practice had developed under which Mr. Bachmann, owner of a business from which he drew $80,000 a year, deposited in a joint checking account $2,000 a month from which "his wife paid the monthly maintenance charge of $650, and a variety of other household, family and personal expenses. For several years prior to the events here in issue, Mr. Bachmann had been required to supplement the monthly payments by additional amounts. In one year, he had made additional payments of $4,550, of which $4,000 was deposited in the joint account and $550 was paid directly to department stores. In the year immediately preceding the period concerning us, Mr. Bachmann supplemented the monthly allocation by a total of $4,900 of which $500 was deposited in the joint account and $4,400 paid directly to department stores.
The necessity for these additional payments was the subject of increasingly bitter arguments of an all too familiar kind. Finally, in May, 1971, without notifying his wife, Mr. Bachmann canceled all of her outstanding charge accounts. Her protests that she would be unable to manage were unavailing. Thereafter, also without advising her husband, Mrs. Bachmann omitted to pay the maintenance charges for May, June, September, October and November, 1971. The obligation for two of these months was ultimately discharged under circumstances that do not affect the issues before the court.
Subsequently, on an application for counsel fees and temporary alimony during a divorce proceeding, Mrs. Bachmann was *216 awarded exclusive possession of the marital home and temporary alimony fees, in the sum of $2,000 a month. Her application to require her husband to pay the amount in issue was denied, but because of the special nature of the issues posed on interim marital orders, I do not conceive that action to be decisive here.
Turning first to Mrs. Bachmann’s cross claim, the principle is of course clear that a husband’s paramount obligation to support his wife may be enforced by her direct action for reimbursement where she has been compelled by the husband’s default to pay for necessaries out of her separate estate. (De Brauwere v. De Brauwere, 203 N. Y. 460 [1911].)
The inquiry mandated by the governing law is whether or not Mr. Bachmann provided adequately for his wife’s necessaries during the period in which the obligation at issue was incurred. (See De Brauwere, supra; Rudnick v. Tuckman, 1 A D 2d 269 [1st Dept., 1956].) And in this inquiry, it is of course central that what constitutes necessaries 11 depends upon the station"" in life of the person charged with the duty of furnishing them, and his ability to pay for them. ’ ’ (16 N. Y. Jur., Domestic Relations, § 595; Grishaver v. Grishaver, 225 N. Y. S. 2d 924 [Sup. Ct., 1961].)
What occurred here wás obviously a bitter prolonged dispute of a familiar kind between a husband and wife as to the amount of money required by her for household, family and personal expenses. A fair judgment of such a disagreement is at best a difficult undertaking where as here neither party was taking an obviously extreme position, since it involves not only the objective factor of income but a host of considerations unique to the individual marital relationship. In this case, the evidence seems to me wholly insufficient to form a clear determination as to which of the spouses was correct, if that term could reasonably be applied to this kind of dispute.
According to the wife, the cancellation of her charge accounts put her under immediate necessity of paying cash for new purchases, thus disrupting her budget. However, it is difficult to see why this would not have inevitably balanced out over a period-of several months.
More serious undoubtedly was the impact of the elimination of supplemental payments implicit in the husband’s action. In effect, Mr. Bachmann reduced the money available to his wife on an annual basis from about $29,000 a year to $24,000 a year. However difficult a problem of adjustment this arbitrary action may have imposed on Mrs. Bachmann, I cannot agree that the lesser figure eonstiiuted a violation of her husband’s duty of *217 support. Certainly the evidence does not permit the conclusion that Mrs. Bachmann sustained the burden of proving that her husband made inadequate provision for her necessaries. Accordingly, her cross claim must be dismissed.
As to Mr. Bachmann’s cross claim, it must be noted preliminarily that no case has been called to my attention in which a husband was permitted to recover from his wife for payments required of him because of her failure to spend appropriately money given to her for household expenses. No doubt one can envisage situations in which the principle contended for would merit serious consideration, although there are obvious strong objections to it. This is not such a situation.
There is not the slightest intimation in the evidence that Mrs. Bachmann diverted to improper ends any of the money given to her. At most a question was presented as to the prudence and skill with which she used the money available to her. Under the circumstances, I see no basis in law or reason for sustaining the husband’s action, and it is accordingly also dismissed.
As a result of the above determinations, it is clear that the obligation sued upon will in fact by operation of law be shared equally by both defendants, since whoever pays the entire judgment will be entitled to an equal contribution by the other. (See Vlacancich v. Kenny, 271 N. Y. 164 [1936]; see Ann. 48 ALR 2d 1305, 1310 [1956].)
Under the particular facts of the case, and the fortuitous circumstance' that Mrs. Bachmann has a substantial separate estate, the result seems to me basically fair.
Nevertheless, I cannot withhold my strong personal feeling that the approach here followed in accordance with the current state of law is less than satisfactory. If Mrs. Bachmann did not in fact have substantial separate assets to meet the obligation here imposed, the result would be an unhappy one indeed.
Where the court is concerned with a joint obligation of a husband and wife, not incurred through the deliberate wrongdoing of either, it is surely questionable to focus so exclusively on the narrow issue of what constituted necessaries.
The preferable approach would be for the court to make a judgment as to what is fair and reasonable under all the circumstances, including emphatically the respective ability of the spouses to pay, and to give effect to the determination by apportionment of the liability where justice requires.
For the reasons set forth above, judgment may be entered for the plaintiff in the amount sued for with interest and costs, and the cross claims are dismissed without costs.