■ EMILY MUMFORD, Respondent, v. ROBERT S. MUMFORD, Appellant.— Judgment, Supreme Court, New York County, entered on April 30, 1973, directing payment of alimony, counsel fees and certain debts of the wife, unanimously modified, on the law and the facts, and in the exercise of discretion, so as to vacate the provisions for the payment of certain of the wife's outstanding debts and so as to reduce the counsel fee to the sum of $1,000 and otherwise affirmed, without costs or disbursements. The trial court granted plaintiff wife $3,450 counsel fees in this uncontested divorce action and alimony of $500 per month. The defendant, by stipulation so ordered by this court, agreed to pay plaintiff $1,000 counsel fees pending the hearing and determination of this appeal. The parties were married in 1950 and have no children. They separated in 1969. At the time of trial and for sometime prior thereto, the wife was employed at a very substantial salary. She owned valuable liquid assets. She had paid a fairly large counsel fee from her own funds prior to trial. On the present record, we find that the award for counsel fees was excessive to the extent indicated. As to the support and maintenance allowance, we feel that the trial court did not abuse the wide latitude vested in it by section 236 of the Domestic Relations Law and we therefore affirm. (See *Kover* v. *Kover*, 29 N Y 2d 408, 417; *Phillips* v. *Phillips*, 1 A D 2d 393, 398, affd. 2 N Y 2d 742.) Plaintiff failed to prove that the sums awarded her in payment of her debts were necessaries and were outstanding at the time of the separation. It was error, therefore, to impose this obligation on the husband. Concur — Nunez, J. P., Steuer, Capozzoli, Lane and Lynch, JJ.