■ Beatrice A. Levy, Respondent, v. Bernard Levy, Jr., Appellant.— Order, Supreme Court, New York County, entered October 7, 1974, granting plaintiff's motion for temporary support to the extent of directing defendant to pay the sum of $300 weekly, so far as appealed from, unanimously reversed, on the law and the facts, and the motion denied, without costs and without disbursements. By this action brought in the Supreme Court, plaintiff seeks support and repayment of advances made by her for necessaries. Approximately eight months after the action was brought, and 20 months after the alleged abandonment by the defendant, plaintiff sought an order directing temporary support payments pending determination of the action. The major issue herein is whether the Supreme Court has the power to grant that relief, where it is not sought as incident to a proper matrimonial action. Additionally, if the Supreme Court does have the power to grant temporary support in such an action, a further question is raised with respect to the extent or limita-

tion of that power, and the propriety of its exercise in the instant case. Prior to the 1962 amendment to the Constitution, the Supreme Court lacked power to entertain an action for support, separate and apart from a matrimonial action, i.e., divorce, separation, annulment or declaration of nullity (Domestic Relations Law, § 236). The 1962 amendment to the Constitution (N. Y. Const., art. VI, § 7) provided in relevant part as follows: "a. The supreme court shall have general original jurisdiction in law and equity * * * c. If the legislature shall create new classes of actions and proceedings, the supreme court shall have jurisdiction over such classes of actions and proceedings, but the legislature may provide that another court or other courts shall also have jurisdiction and that actions and proceedings of such classes may be originated in such other court or courts." The amendment has been construed to apply not only to "classes of actions and proceedings" not recognized prior to the effective date of the amendment, but also to actions and proceedings recognized at the time of the amendment's adoption but previously held to be outside the Supreme Court's jurisdiction. (*Kagen* v. *Kagen,* 21 N Y 2d 532, 536; see, also, *Matter of Seitz* v. *Drogheo,* 21 N Y 2d 181.) Accordingly, it is clear that the Supreme Court has jurisdiction to award support separate and apart from a matrimonial action since that authority is vested in the Family Court. (Family Ct. Act, art. 4, §§ 411, 412, 442; *Mekus* v. *Mekus,* 73 Misc 2d 32; *Di Russo* v. *Di Russo,* 55 Misc 2d 839.) Similarly, pursuant to section 434 of the Family Court Act, the Supreme Court may grant temporary support pending final determination of the action for support. However, the court's power to grant a temporary award is limited by that section of the Family Court Act to a situation "Where the petitioner's needs are so urgent as to require it". Upon the entire record herein, including the fact that it has been demonstrated that plaintiff has substantial means of her own, we conclude that an urgent need has not been show and accordingly, the order granting temporary support is reversed, and the motion denied. Concur — Nunez, J. P., Murphy, Lupiano, Steuer and Tilzer, JJ.