OPINION OF THE COURT
Herman Cahn, J.
Plaintiff brings this action to recover the sum of $403.97 representing groceries sold and delivered by it to defendant Alice B. Leeds between April 1, 1977 and October 1, 1977. In 1971, while defendant Alice B. Leeds was still married to the codefendant, she applied for, and was granted, a charge account by the plaintiff. Plaintiff states that it had information that the parties were separated when the purchases in issue herein were made, and that for the last six years, defendant Carl M. Leeds has been residing out of State. Incidentally, said defendant has not been served herein.
*805 Defendant Alice B. Leeds, in opposition to this motion, states that the within purchases were "necessaries” for which her husband, the codefendant, is liable. Furthermore, she points to the existence of a temporary order of support issued in the Supreme Court, which order her husband has evidently not complied with.
It is clear that the plaintiff sold and delivered the goods involved herein to defendant Alice B. Leeds. She accepted them, and consumed them. The basic issue is whether she can raise the claim that it is her estranged husband who is responsible for payment, as against the plaintiff. Plaintiff acted in good faith in delivering the goods to defendant Alice B. Leeds, and should not be required to become involved in the matrimonial dispute between the codefendants. If defendant Alice B. Leeds wishes to cross-claim against the defendant Carl M. Leeds, or to otherwise assert a claim against him, she may do so. However, she should not and will not be heard to require plaintiff to do so. To hold otherwise would be to discourage merchants from selling goods to married individuals on credit, for fear that the merchants will become involved in their customers’ matrimonial litigation upon attempting to collect the price of the goods.
It is clear that a husband’s support obligations may be enforced by a wife’s action for reimbursement where she has been compelled by the husband’s default to pay for necessaries out of her separate estate. (De Brauwere v De Brauwere, 203 NY 460; York Towers v Bachmann, 73 Misc 2d 214.) The burden of enforcing such obligation will not be imposed upon an innocent third party.
Plaintiff is therefore entitled to summary judgment against defendant, Alice B. Leeds.