■ LILLIAN LEBENSFELD, Appellant, v SEYMOUR LEBENSFELD, Respondent.—In an action commenced as one for divorce but tried, pursuant to an amendment of the complaint at trial, as one for a decree of support and for a judgment for moneys previously expended for necessaries, the plaintiff appeals from an order of the Supreme Court, Kings County, dated January 22, 1979, which dismissed the complaint, as amended, on the merits and denied the plaintiff an award of counsel fees. Order modified by (1) deleting from the first decretal paragraph thereof the words "for support and maintenance and", and (2) adding to the second decretal paragraph thereof, immediately after the words "on the merits", the following: "except insofar as it seeks support and maintenance." As so modified, order affirmed, without costs or disbursements, and matter remitted to Special Term for a new determination on the issue of support, in accordance herewith. Before reaching the merits of this dispute we find it necessary to comment upon several preliminary matters. First, although this action was essentially for support, plaintiff having withdrawn her request for a divorce prior to the commencement of the trial, the Supreme Court nonetheless had jurisdiction to resolve this dispute (see *Kagen v Kagen,* 21 NY2d 532). Second, although

section 236 of the Domestic Relations Law, by its terms, technically applies only to actions in which matrimonial relief is sought, the section determines the public policy of the State. Accordingly, in the interest of consistency in the administration of the law, we hold that that portion of section 236 which bars an award of support to a wife guilty of misconduct such as would constitute grounds for divorce is applicable to support proceedings governed by the Family Court Act (cf. *Matter of Steinberg v Steinberg,* 18 NY2d 492). Third, although section 412 of the Family Court Act, which authorizes proceedings such as the instant one, apparently falls within the proscription of *Orr v Orr* (440 US 268), we construe that statute as constitutional, since we deem it to authorize support to either spouse on a gender-neutral means basis only (cf. *Childs v Childs,* 69 AD2d 406). Turning to the merits of the appeal, it is our view that Special Term's conclusion that plaintiff abandoned defendant and therefore could not be granted an order of support, is unsupported by the evidence. Special Term's finding was apparently based solely on one intemperate outburst by plaintiff, in which she stated that she could no longer live with the defendant and wanted a divorce. We find this lone instance insufficient to hold plaintiff guilty of abandoning a marriage of 30 years' duration, particularly where it appears that plaintiff, now in her mid-fifties, was totally dependent upon defendant's support prior to their separation, and would be hard pressed to support herself at this late date (cf. *Hessen v Hessen,* 33 NY2d 406; *Hammer v Hammer,* 34 NY2d 545). Section 236 of the Domestic Relations Law, which we have previously found applicable to this case, bars an award of support only where the misconduct of the wife (now read as spouse) constitutes grounds for divorce or separation. We find that plaintiff's misconduct, if any, did not rise to such level, and further, that the circumstances of this case entitle her to have the support issue considered. Accordingly, we remit the matter to Special Term to determine that issue. We note parenthetically that our decision does not in any way imply that defendant was himself guilty of abandoning plaintiff, either actually or constructively. As to plaintiff's cause of action for moneys allegedly expended on past necessaries, we affirm Special Term's dismissal, upon the ground that plaintiff failed to satisfy her burden of proof. No complaint encompassing such a cause of action was ever *served* and, accordingly, we cannot determine the allegations asserted in support thereof. Further, as best we can discern, no evidence with respect to the amount of plaintiff's alleged past expenditures for necessaries was ever introduced. Accordingly, there was no basis on which such an award could be made. Lastly, we also affirm the denial of an award of counsel fees to plaintiff. We agree with Special Term's analysis that the record shows plaintiff had sufficient funds with which to pay her attorney (cf. *Childs v Childs, supra*). Titone, J. P., O'Connor, Gulotta and Margett, JJ., concur.