OPINION OF THE COURT
Arthur D. Spatt, J.
This “action” in the nature of a “special proceeding” wherein plaintiff seeks an order directing the following relief: fixing temporary alimony and support in a slim stated; exclusive occupancy of the marital residence; enjoining defendant from seeking an offering to sell the marital premises located at 20 Burbury Lane, Great Neck, New York; directing defendant to notify all agents previously engaged to negotiate such sale that said premises has been withdrawn from sale; directing defendant to cease harassing plaintiff; granting counsel fees; and declaring the antenuptial agreement null and void, is determined as set forth below.
BACKGROUND
By á summons dated July 8, 1980-, served pursuant to an order fixing the manner of service dated July 15, 1980, defendant herein, Fred Oppenheimer, commenced an ac *557 tian against plaintiff herein, Dorothee Oppenheimer, for divorce. Said action for divorce is pending in this court under Index No. 11769/80.
At the time the instant “special proceeding” was commenced, it appears that no complaint and, a fortiori, no answer, had been interposed in the divorce action.
This “special proceeding” was initially submitted for decision on August 15, 1980. At that time, defendant Fred Oppenheimer interposed answering papers which, while not addressing the substance of those requests for relief made by plaintiff, asserted, in substance, that “these proceedings are completely defective and without any jurisdictional basis whatsoever”. It was defendant’s assertion that the instant proceeding was a nullity, and that any pendente lite relief should have been sought via the matrimonial action. In the alternative, defendant herein stated as follows: “That in the event that the Order to Show Cause is sustained, that is, the court feels that the plaintiff followed the proper procedure, it is respectfully requested that I be granted leave to prepare and serve an affidavit in opposition to said motion.”
Thereafter, by an order dated August 27, 1980 (Burke, J.), this court held as follows:
“by plaintiff for omnibus relief against defendant is adjourned until September 18, 1980 in order that plaintiff may correct an apparent misidentification of the caption and index number of this action and to permit defendant to respond to the merits of the present motion.
“It appears from the papers and affidavits submitted that although there is an action between the parties pending in this court, the caption and index number are not those given by movant. Defendant in opposition to the motion limits his argument to the moving papers’ technical imperfections and does not touch upon the merits of plaintiff’s motion. Defendant shall submit any further papers in opposition to the merits of the motion three days prior to the adjourned date of this motion.”
On September 18, 1980, this motion was submitted to me for decision. Both plaintiff and defendant submitted supplemental affidavits on that date.
*558 By her supplemental affidavit, plaintiff maintains that there was no “misidentification” of the instant proceeding. Rather, she asserts, that this is an action in the nature of a “special proceeding”, commenced by order to show cause pursuant to the terms of CPLR article 4, seeking relief in the nature of a petition for support under the Family Court Act, and is independent of the matrimonial action. While maintaining that the instant “action” is viable, plaintiff, in the alternative, contends as follows: “9. But unlike the respondent, it is our concern to bring the issues to a head at the earliest possible time and not to permit their obfuscation by procedural manipulation. Therefore, although we firmly believe that the relief sought by our special proceeding is entitled to be determined separately from respondent’s action for a divorce, if in the Court’s judgment we have erred, we freely consent to the matter being considered under the caption and index number which the respondent has initiated. Although it is obviously gratuitous under the circumstances, we have given our firm’s notice of appearance in the respondent’s action.” (Emphasis supplied.)
In his supplemental affidavit, defendant restates his initial position, that is, that this “special proceeding” is jurisdictionally defective. Defendant asserts that the relief requested herein should have been sought as part and parcel of the matrimonial action, and that, in view of the decision of Justice Burke, this proceeding should be dismissed and the requested relief denied. However, defendant has not submitted financial or other relevant data as to the “merits” of the support application — leave to submit such data having heretofore been granted by Justice Burke.
DETERMINATIONS
This court has authority to award “support” to a party separate and apart from a matrimonial action — such authority arising out of this court’s concurrent jurisdiction over any matter within the jurisdiction of the Family Court. (See Kagen v Kagen, 21 NY2d 532; Levy v Levy, 46 AD2d 876; NY Const, art VI, § 7, subd a; Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book *559 29A, Part 1, Judiciary — Court Acts, Supp, pp 54-55; Family Ct Act, §§ 411, 412, 434.)
Similarly, attendant to a “support proceeding” commenced in the Supreme Court, such court may grant “temporary support” pending a final determination of the action. (See Levy v Levy, supra; Family Ct Act, § 434.) However, it appears that when the Supreme Court exercises its constitutional jurisdiction to entertain a support proceeding, it is bound by the substantive and procedural rules set forth in the Family Court Act. (See Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Part 1, Judiciary — Court Acts, Supp, pp 54-55.)
Thus, while this court may entertain a petition or “proceeding” for support in the nature of one made under the Family Court Act, the breadth of this court’s discretion upon such application is limited to that which, under the facts presented, would have been vested in the Family Court.
Assuming, arguendo, that the instant proceeding was commenced prior to the institution of the divorce action, which it was not, this court’s power to fix “temporary support” is, in such case, determined by section 434 of the Family Court Act, which provides as follows:
“§ 434. Temporary order of support
“Where the petitioner’s needs are so urgent as to require it, the court may make a temporary order for support pending a final determination.”
Thus, under section 434, this court may grant temporary “support” only when it has been demonstrated by petitioner that “petitioner’s needs are so urgent as to require it” (see Levy v Levy, supra) and then only where a plenary action for support has also been commenced. Here, upon the affidavit submitted, plaintiff wife has failed to demonstrate that her “needs are so urgent as to require it (temporary support)”.
Further, the instant “special proceeding” is not one in the nature of a petition for support, but rather, the sole and final relief sought herein is “temporary support”, and thus, this “proceeding” does not come within the terms of *560 section 434 of the Family Court Act. It should be noted at this point that this court’s discretion under section 434 of the Family Court Act is far more restrictive than that accorded this court under the terms of section 236 of the Domestic Relations Law.
In the instant case, this “special proceeding” was commenced by plaintiff after defendant herein instituted a divorce action in this court. Therefore, the scope of this court’s discretion is defined not by section 434 of the Family Court Act discussed above, but by section 464 of the Family Court Act. That section provides as follows:
“§ 464. Effect of pendency of action for divorce, separation or annulment on petition for support of spouse
“(a) In a matrimonial action in the supreme court, the supreme court on its own motion or on motion of either spouse may refer to the family court an application for temporary or permanent support, or for maintenance or a distribution of marital property. If the supreme court so refers an application, the family court has jurisdiction to determine the application with the same powers possessed by the supreme court and the family court’s disposition of the application is an order of the family court appealable only under article eleven of this act.
“(b) In the absence of an order of referral under paragraph (a) of this section and in the absence of an order by the supreme court granting temporary or permanent support or maintenance, the family court during the pendency of such action may entertain a petition and may make an order under section four hundred forty-five of this article for a spouse who is likely to become in need of public assistance or care.” (Emphasis supplied.)
Subdivision (b) of section 464 of the Family Court Act is applicable under the circumstances of this case. Certainly, this court has not referred the application for temporary support to the Family Court. Nor has any “temporary support or maintenance” been fixed by this court in the matrimonial action. Thus, this court may grant the “temporary support” only if plaintiff has demonstrated that she is “likely to become in need of public assistance or care.” (See Lapiana v Lapiana, 67 AD2d 966; Montes v Montes, 54 AD2d 627.)
*561 No such showing has been made herein. Thus, the petition herein, insofar as it seeks pendente lite alimony and support, exclusive possession of the marital residence and counsel fees, should be, and is, dismissed. Further, that portion of the “special proceeding” which seeks a rescission of the separation agreement is not properly the subject of a “special proceeding” but rather, must be raised by way of plenary action or as a counterclaim in the matrimonial action.
However, as there is a matrimonial action presently pending, and as plaintiff herein has consented that her request for pendente lite relief be considered a part of the matrimonial action, and as defendant husband herein has been given a fair opportunity to oppose the wife’s requests for relief on the merits, the court shall address the merits of the instant motion, which shall be deemed to be made under the caption and index number of the matrimonial action, to wit: Fred Oppenheimer v Dorothee Oppenheimer, Index No. 11769/80.
As to the merits of said motion, the court, upon the affidavits of the parties and the official form affidavit of plaintiff (herein) wife, determines as follows:
(1) The plaintiff in the matrimonial action, Fred Oppenheimer, is directed, if he has not already done so, to serve a complaint upon counsel for defendant wife within 15 days of the date hereof. Defendant wife shall answer same within the statutory time provided for service of such answer.
(2) Plaintiff Fred Oppenheimer is directed to pay defendant wife the sum of $100 per week as and for temporary alimony; and, in addition thereto, he shall pay to defendant wife the sum of $50 per week as temporary support for the infant issue of the marriage. Said total sum of $150 per week shall commence as of December 5, 1980, and shall be paid to defendant wife each Friday thereafter at the marital residence or such other place as she may designate in writing. Such payments shall be made by certified check or money order only.
In addition thereto, plaintiff husband shall continue to maintain the marital residence as he has done to date — *562 which maintenance includes any and all mortgage, taxes, oil, utilities and repair expenses.
(3) Defendant wife’s request for exclusive occupancy of the marital residence and for counsel fees is respectfully referred to the trial court.
(4) Both parties are directed to cease and desist from any abusive or harassing conduct toward each other.
(5) Pursuant to the authority vested in this court in section 234 of the Domestic Relations Law, the court hereby enjoins both parties from selling, transferring, assigning or in any other way disposing of the marital premises located at 20 Burbury Lane, Great Neck, New York. This stay shall continue until further order of this court in the final judgment in the matrimonial action, or upon further application to this court on notice, or until both parties consent, in writing, to a sale or other disposition.
(6) As noted above, that portion of the motion which seeks a rescission of the antenuptial agreement is dismissed, with leave to defendant wife to replead same either by way of plenary action or counterclaim.
The Clerk of Special Term, Part V, is directed to file a copy of this order under both Index No. 12727/80 and under the matrimonial Index No. 11769/80.