■ DAVID F. DALY, Appellant, v SANFORD BECKER et al., Respondents. — Order, Supreme Court, New York County (Arthur Blyn, J.), entered May 3, 1984, granting defendants' motion dismissing the first, second and third causes of action in the complaint, unanimously modified, on the law, to the extent of striking so much of the order as dismissed the first cause of action, and substituting therefor a declaration that no valid contract existed between the parties and, as so modified, affirmed, with costs to respondent.

We agree with Special Term that the parties did not intend to be bound until the execution of a formal written agreement. This is clearly reflected in their exchange of correspondence. Plaintiff's letter, dated August 17, 1983, confirmed "our agreement in principal to purchase Prestoseal Manufacturing Corporation * * * effective 30 days after signing an official contract between Prestoseal and us," which letter was never signed by defendant. On August 31, 1983, defendants confirmed an agreement to sell plaintiff certain assets of Prestoseal "effective upon the signing of a binding contract between us" and provided that the letter was "a memorandum of our intentions which shall be set forth in a formal contract drawn by our attorney in such form and manner to effectuate the sale and consignment and provide such necessary security as our attorney may deem advisable." While plaintiff claims that the August 31st letter amounted to a binding agreement, it is undisputed that plaintiff did not make the $10,000 payment which was to be paid "upon the signing of [the] contract". Similarly, plaintiff's correspondence of September 8 and October 28, 1983, neither of which was countersigned by defendants, referred to a binding agreement upon the execution of a formal contract.

Under the circumstances, it is clear that both parties contemplated the preparation and execution of a formal agreement and

considered the transaction incomplete and without legal effect until reduced to writing and formally signed (*see, Scheck v Francis,* 26 NY2d 466, 469-470; *Matter of Municipal Consultants & Publishers v Town of Ramapo,* 47 NY2d 144, 149; *Willmott v Giarraputo,* 5 NY2d 250, 253). They expressly conditioned the existence of a binding agreement upon the execution of a formal written contract. As was observed by Chief Judge Fuld in *Scheck v Francis* (*supra,* at pp 469-470) "if the parties to an agreement do not intend it to be binding upon them until it is reduced to writing and signed by both of them, they are not bound and may not be held liable until it has been written out and signed." Furthermore, and as additional substantiation, the parties did not agree on all the essential terms of critical concern in such a transaction, namely security or interest.

However, since this was an action which, in part, sought a declaratory judgment, it was error to dismiss the first cause of action because plaintiff was not entitled to the declaration sought. Instead of dismissing, Special Term should have made an appropriate declaration of the rights of the parties with respect to the subject matter of the litigation (*Sweeney v Cannon,* 30 NY2d 633; *Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901; *American Home Assur. Co. v Port Auth.,* 66 AD2d 269, 273; *Fhagen v Miller,* 36 AD2d 926, *affd* 29 NY2d 348, *cert denied* 409 US 845; *Todaro v New York City Employees' Retirement Sys.,* 42 AD2d 887). Concur — Sandler, J. P., Asch, Fein and Kassal, JJ.