■ LILLIAN GOLDMAN, Appellant-Respondent, v SOL GOLDMAN, Respondent-Appellant.—Order, Supreme Court, New York County (Martin Evans, J.), entered July 12, 1985, which, *inter alia,* granted defendant's motion to dismiss the second cause of action and denied the motion as to the first cause of action, but declared that plaintiff, at her sole discretion, could choose the apartment and furnishings to be purchased pursuant to paragraph 6 of the purported agreement between the parties, modified, on the law, on the facts and in the exercise of discretion, to the extent of (1) vacating the order declaring the parties' rights and obligations on the first cause of action, (2) remanding that cause of action for trial to determine, *inter alia,* whether the purported reconciliation agreement is a binding contract or is unenforceable as the result of ambiguity, uncertainty or the absence of material terms and (3) granting plaintiff leave to replead the second cause of action to interpose a claim for a declaratory judgment setting aside the agreement as unconscionable *(Christian v Christian,* 42 NY2d 63), and otherwise affirmed, without costs or disbursements.

The parties had been married for over 42 years, since 1941, during which they accumulated vast real estate holdings with a claimed monetary value of about $1 billion. They separated in 1983, whereupon, on November 1, 1983, plaintiff brought an action for divorce based upon allegations of cruel and inhuman treatment. She was awarded temporary maintenance of $8,000 per week, $17,000 per month rent for her stay at a residential hotel and, in addition, defendant was directed to maintain the several residences of the parties.

Prior to trial, the parties and their attorneys met on April 23, 1984, when a handwritten reconciliation agreement was entered into. Under the agreement, plaintiff withdrew and discontinued the divorce action, with prejudice, in considera-

tion of defendant's promise to pay her $6 million—$1 million within seven days, $1 million by January 1, 1986 and another $4 million by April 23, 1989. In substance, the husband agreed (1) to purchase and furnish an apartment in which they would reside and which would be owned by the wife (para 6), (2) to return the wife's jewelry and (3) to bequeath to her one third of his estate, outright, which bequest would be effective whether or not the parties were married on the death of the husband. He also assumed responsibility for the wife's legal fees and she waived any claim "whether by virtue of equitable distribution or otherwise." The agreement further provided that a more formal agreement would follow but, if it did not, "this memorandum shall constitute a final and binding agreement." The agreement was signed by both parties and their attorneys and the parties' signatures were notarized.

According to plaintiff, she was told that the agreement was only a preliminary draft and was needed "to obtain an adjournment" of the trial in the divorce action. She signed it in reliance on representations made to her by both attorneys. However, after this handwritten document was signed, each attorney forwarded different typewritten versions to the other, which were never executed. Subsequently, plaintiff discovered a handwritten letter from plaintiff's then attorney to defendant's attorney, referring to the "job" which had been done for the Goldmans and the fact that, by virtue of the agreement, defendant had been saved from an exposure of $300-400 million in terms of equitable distribution.

As a result, this action was commenced by the wife to set aside the reconciliation agreement based on her claim that the terms were unjust and unconscionable. The complaint contains three causes of action, the first for a declaratory judgment that the document is not a binding agreement since it is ambiguous and incomplete, omitting any reference to (1) the two residences owned jointly by the parties; (2) the location and description of the apartment to be purchased under paragraph 6 of the agreement; (3) responsibility for maintenance payments on such apartment should reconciliation fail; (4) any restriction on defendant's right to make inter vivos transfers of his estate, in relation to the bequest to plaintiff of one third of his estate; (5) disposition of plaintiff's corporate interests; and (6) maintenance and support for plaintiff during the period they were to live together or separate and apart should reconciliation fail.

The second cause of action seeks to set aside the agreement as unenforceable specifically under Domestic Relations Law

§ 236 (B) (3) and the third cause of action demands that the agreement be rescinded on the ground of fraud, plaintiff relying upon alleged representations to her that the draft was a preliminary document for adjournment purposes only, subject to further discussion, and was not binding. Previously, Special Term had denied a motion to dismiss the third cause of action for fraud, which is not an issue on this appeal, relating solely to the first and second causes of action.

We agree with Special Term that the second cause of action as couched is legally insufficient. Domestic Relations Law § 236 (B) (3) expressly applies to the validity and enforceability of certain agreements "in a matrimonial action", which is defined in Domestic Relations Law § 236 (B) (2). This is not a matrimonial action since plaintiff does not seek separation, divorce, annulment, a declaration of the validity or nullity of a marriage, maintenance or a distribution of marital property.

Although the statutory standard in Domestic Relations Law § 236 (B) (3) is inapplicable here, traditional common-law standards do apply to test the validity and enforceability of the agreement. In *Christian v Christian* (42 NY2d, at p 72), the Court of Appeals held that separation and property settlement agreements are reviewable in equity and may be set aside if "manifestly unfair to a spouse because of the other's overreaching". It held that equitable principles would be taken into account in deciding whether to vacate such agreements on grounds that would be insufficient to vitiate an ordinary contract since "[a]greements between spouses, unlike ordinary business contracts, involve a fiduciary relationship requiring the utmost of good faith" *(supra,* at p 72). While we are mindful of the court's admonition in *Christian (supra,* p 71) that judicial review is to be exercised "circumspectly, sparingly and with a persisting view to the encouragement of parties settling their own differences", we exercise our discretion to grant plaintiff leave to replead the second cause of action to assert a claim for declaratory relief, setting aside the agreement on the grounds of unconscionability or overreaching *(see, Christian v Christian, supra).* In our view, it is appropriate to take into account these common-law equitable factors, notwithstanding the inapplicability here of the broader "fair and reasonable [when made] and * * * not unconscionable at final judgment" statutory standard (Domestic Relations Law § 236 [b] [3]; *see, Pennise v Pennise,* 120 Misc 2d 782, 785-787).

We also agree with the court's denial of the motion to dismiss the first cause of action, which states a legally cogniza-

ble claim for a judgment declaring the agreement invalid and unenforceable as ambiguous and incomplete. It has been repeatedly held that in an action for declaratory judgment relief, the complaint should not be dismissed if a proper case is made out for a declaration of rights *(Sweeney v Cannon,* 30 NY2d 633; *Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901; *Daly v Becker,* 109 AD2d 651; *American Home Assur. Co. v Port Auth.,* 66 AD2d 269, 273; *Lep Transp. v Weather Gay Intl.,* 38 AD2d 802).

While the agreement expresses the intention of the parties that a formal contract would be prepared, it does state that, if one was not prepared, "this memorandum shall constitute a final and binding agreement." Nevertheless, plaintiff claims that there were representations made that the document was only a preliminary draft and was needed to obtain an adjournment of the divorce trial. As noted, she points to specific omissions which she contends render the agreement unenforceable as incomplete and ambiguous. Special Term referred to one such ambiguity in paragraph 6 with respect to the provisions for the purchase of the apartment and concluded that, in view of the husband's financial posture, the parties must have intended that plaintiff could choose "any" apartment and furnishings she desired. Accordingly, by incorporating such interpretation into the agreement, the court sought to rectify any ambiguity in that paragraph. However, this was not the function of the court on a motion to dismiss pursuant to CPLR 3211 (a) (7). On such a motion, the sole function is to determine, from the four corners of the pleading, whether a cognizable claim for relief exists *(Guggenheimer v Ginzburg,* 43 NY2d 268, 274-275; *Foley v D'Agostino,* 21 AD2d 60, 64-65).

As applied here, in terms of paragraph 6, the intention of the parties and whether the agreement is otherwise ambiguous or incomplete so as to render it invalid and unenforceable are matters which must await the trier of the facts. They may not be resolved on a motion to dismiss for legal insufficiency, which is addressed to the face of the pleading. This is especially so here in that the motion is supported and opposed solely by conflicting affirmations of counsel. In view of the claims of fraud, unconscionability and overreaching, the factual issues with regard to the intention of the parties and the ambiguities and incompleteness of the agreement should be determined at trial. Concur—Sullivan, Ross, Kassal and Rosenberger, JJ.

Kupferman, J. P., dissents in part in a memorandum as

follows: I would affirm for the reasons stated by Evans, J., at Special Term.

