*871 OPINION OF THE COURT
Kristin Booth Glen, J.
This is a nonmatrimonial action for support and maintenance brought by plaintiff wife (the wife) and therein lies the problem, according to at least one portion of the motion to dismiss made by defendant husband (the husband). The jurisdictional question presented is of apparent first impression in this Department; two other issues, one concerning the limits of a cause of action for necessaries and the other, arising from the wife’s motion for temporary support, also require consideration of the relationship between this court’s general jurisdiction and Family Court Act article 4. In order to place these issues in perspective, a brief procedural history is helpful.
PROCEDURAL HISTORY
In 1983 the wife commenced an action for a divorce in this court, and on a pendente lite motion was awarded the sum of $8,000, plus monthly rent of $17,000 as and for temporary support. Before the case went to trial the parties entered into a "reconciliation agreement” which provided that the wife would discontinue her divorce action with prejudice in return for certain payments to be made by the husband. After the agreement was filed and the case discontinued, the wife obtained new counsel and sought to vacate or set aside the agreement on a number of grounds including overreaching, unconscionability and fraud. The Judge to whom the divorce action had been assigned ruled that since the action had terminated, the wife would have to commence a new plenary action for the adjudication of her claims.
When the new action was commenced, the husband moved to dismiss and Justice Evans granted his motion as to the second cause of action and issued an order as to the parties’ rights under the first cause of action. Following an expedited appeal, the Appellate Division reversed, reinstating all the remaining claims and remanding to this court for trial on rescission (Goldman v Goldman, 118 AD2d 498 [1st Dept]).
Although the agreement under challenge provided for a one million dollar payment shortly after its signing, the wife has refused the husband’s tender of such payment so as not to prejudice her position in the rescission litigation. Other provisions, including the husband’s obligation to purchase and furnish a co-op apartment for the wife, have similarly remained in abeyance as the rescission action wended its way *872 through the courts. The wife is still that, i.e., the wife, but is neither living with the husband nor is she receiving support from him. Although she could obtain substantial benefits pursuant to the agreement she signed, to accept funds under its provisions would undercut her claim for its rescission. For these reasons, she seeks permanent support from this court in a third action commenced by service of a summons and complaint; in addition, she moves for temporary support in that action.
THE MOTION TO DISMISS
Defendant moves to dismiss the entire complaint on jurisdictional grounds and to dismiss the second cause of action for necessaries for legal insufficiency. In addition he argues that the agreement between the parties extinguishes any claim for necessaries which the wife or her creditors might otherwise have (see, Elder v Rosenwasser, 238 NY 427 [1924]). This last argument, while technically correct, can be quickly disposed of. The cases which stand for this general proposition clearly do not involve a situation when the validity of the agreement itself is the subject of dispute. If a spouse were barred from direct or indirect support — that is, an award of maintenance or for necessaries — by a fraudulent or unconscionable agreement s/he[1] would be unfairly and unjustly coerced into acquiescence with that agreement by the very courts where s/he sought the relief of rescission. Such a result is both unreasonable and not in accordance with public policy. Accordingly, I hold that the existence of a challenged agreement does not bar claims for support or necessaries for so long as the legal challenge continues.[2]
The more serious attack on this action is jurisdictional. The husband argues that a nonmatrimonial action for support may not be commenced by means of a summons and complaint, and that the failure to serve and file a petition as required by the Family Court Act § 423 deprives this court of all jurisdiction.
*873 There is, of course, no common-law action for "bare support”, that is, support not otherwise connected to an action for divorce or separation. The only authority for such relief is statutory, contained in Family Court Act article 4. Although article 4 gives the Family Court exclusive jurisdiction over pure support proceedings, the Court of Appeals has held that the 1962 amendment of NY Constitution, article VI, § 7 confers concurrent jurisdiction in Supreme Court (Kagen v Kagen, 21 NY2d 532 [1968]). When exercising its jurisdiction, however, the Supreme Court is bound by both the substantive law and procedural requirements of article 4 (e.g., Pierot v Pierot, 49 AD2d 838 [1st Dept 1975]; Levy v Levy, 46 AD2d 876 [1st Dept 1974]).
Article 4 specifically provides that "[proceedings under this article are commenced by the filing of a petition” (Family Ct Act § 423), and the Practice Commentary reads this procedural requirement as jurisdictional, writing "failure to file a petition renders the subsequent court proceedings a nullity and denies the Family Court jurisdiction to make a valid order of support” (Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 423, p 161). A Third Department case, cited by the Commentary, contains the same language (see, Matter of Rensselaer County Dept. of Social Servs. v Cossart, 38 AD2d 635 [3d Dept 1971).[3] Since the instant action was commenced by service of summons and complaint, and no petition has ever been filed, the husband argues that the action must be dismissed. The wife relies on CPLR 103 (a) and 105 (b) which embody the liberal rules of pleading which generally characterize the CPLR. CPLR 105 (b) provides: "Action and special proceeding. The word 'action’ includes a special proceeding; the words 'plaintiff and 'defendant’ include the petitioner and the respondent, respectively, in a special proceeding; and the words 'summons’ and 'complaint’ include the notice of petition and the petition, respectively, in a special proceeding.”
As CPLR 103 (c) provides, and the cases cited by wife demonstrate, a court may correct technical pleading errors and convert any civil judicial proceeding not brought in the proper form into one which would be proper rather than *874 dismissing it, making whatever order is necessary for its proper prosecution (e.g., Matter of Phalen v Theatrical Protective Union, 22 NY2d 34, 41-42, cert denied 393 US 1000 [1968]). It is, however, clear that a court may not indulge in such creative repleading or conversion if jurisdiction has not been obtained. The question, then, is whether the filing of a petition is, as the Commentary states, jurisdictional, or as the wife argues, procedural and correctable.
Other than the language cited in the Rensselaer case (supra), there appears to be no direct holding on this issue. Were there no conflicting decision by another department, this court would be bound by it (see, e.g., Matter of Weinbaum, 51 Misc 2d 538, 539 [Sup Ct, Nassau County 1966]). However, two decisions of the Second Department implicitly approve the use of an action commenced by summons and complaint as a way through which support can be awarded by the Supreme Court, although the precise issue raised here is neither raised nor discussed. In Lebensfeld v Lebensfeld (72 AD2d 790 [2d Dept 1979]), the wife brought an action for divorce but, prior to trial, withdrew her request for the divorce and amended her complaint to request only support and a judgment for moneys previously. The trial court dismissed the amended complaint on the merits. The Appellate Division reversed, writing "Before reaching the merits of this dispute we find it necessary to comment upon several preliminary matters. First, although this action was essentially for support, plaintiff having withdrawn her request for a divorce prior to the commencement of the trial, the Supreme Court nonetheless had jurisdiction to resolve this dispute” (72 AD2d, at p 790, citing Kagen v Kagen, supra). (See also, Rosner v Rosner, 42 AD2d 597 [2d Dept 1973], on remand 82 Misc 2d 603 [Sup Ct, Westchester County 1974].) Equally significant, a reading of the Kagen decision in the Court of Appeals (supra) indicates that the support awarded by the Supreme Court[4] and upheld by the appeals court was originally sought in a complaint. Again, although the jurisdictional necessity of filing a petition is neither raised nor discussed, the court uses the terms action, application and proceeding interchangeably in extending the *875 Supreme Court’s power to cases in which the Family Court previously had exclusive jurisdiction.
A fair reading of all these cases suggests that the relief previously available only in a Family Court article 4 proceeding may now be obtained by service of a summons and complaint in a Supreme Court action. As this reading is consistent with the CPLR’s general principles, exhibited by sections 103-105, of favoring substance over form, I hold that this court has jurisdiction over the wife’s support action. That portion of the motion to dismiss is, accordingly, denied.
NECESSARIES
In her second cause of action for necessaries, the wife alleges: "Plaintiff, by reason of defendant’s reduction in the amount of indirect support, and total elimination of direct support was required to expend over two hundred thousand dollars ($200,000.00) as and for necessaries for which the plaintiff expects and is entitled to reimbursement from defendant.”
Although necessaries is primarily a creditor’s remedy, a spouse has the right to maintain an action in her/his own right where the spouse has actually paid for the necessaries (see, e.g., Gristede Bros. v Leeds, 97 Misc 2d 804 [Civ Ct, NY County 1979]). Where, however, the spouse has not paid moneys allegedly due and owing, the action for necessaries belongs solely to the creditor, i.e., the person who provided the goods or services for which payment has not been made (e.g., Sawdon v Sawdon, 39 AD2d 883 [1st Dept 1972]).
The husband argues, based on extrinsic but uncontroverted evidence,[5] that the vast majority, if not all the moneys claimed by the wife have not actually been paid, but represent expenses which have been deferred. These include fees of more than $100,000 owing to prior counsel, a bill of from $25,000 to $27,000 from a detective agency,[6] department store bills and unpaid tax liabilities.
On a motion to dismiss, where proof is offered to demonstrate the falsity of the claims made, the court may go behind *876 the face of the complaint in determining its legal sufficiency (see, e.g., Mumford v Mumford, 44 AD2d 817 [1st Dept 1974]). The second cause of action is dismissed with leave to replead if wife can demonstrate any payment by her for goods or services alleged to constitute necessaries.
TEMPORARY SUPPORT
Consistent with the rule that the Supreme Court, exercising jurisdiction over an article 4 proceeding or action is bound by the substantive and procedural provisions of the Family Court Act, the wife’s application for temporary support is governed by Family Court Act § 434, not the more liberal provisions of Domestic Relations Law § 236 (B). Section 434 permits the award of temporary support only if the petitioner’s needs are rr 'so urgent as to require it’ ” (Levy v Levy, 46 AD2d, at p 877; emphasis added) and, unlike pendente lite relief in a matrimonial action, may not be awarded if the spouse seeking temporary support has substantial means of her/his own.
Wife urges the reinstatement of Justice Evans’ prior temporary maintenance order made in the now discontinued divorce action, claiming that the figure of $8,000 per week, plus rent on her hotel suite, is the true measure of her need. The prior award was, however, made under the very different substantive law applicable to matrimonial actions.[7] A review of the wife’s financial statements and affidavits dispels any claim that her need is "urgent” within the meaning of the Family Court Act.
The wife is a coowner, with husband, of a four million dollar estate in Mill Neck, New York, and a three-bedroom condominium apartment in Palm Beach, Florida, of which she has free use. She receives regular distributions from a trust established by husband which totaled $136,000 last year. She has approximately $65,000 of her own in one savings account at Chase and $203,000 in another account in her name there (this amount represents joint marital assets). She has a 1983 Rolls Royce Corniche valued at $145,000, jewelry in excess of $1,000,000 and two checking accounts with balances of approximately $15,000 and $31,000. Her husband has paid her $8,500 per month rental at the Westbury Hotel through February.
*877 Although there is no question that the assets and income controlled by the parties are grossly disproportionate, and that the prior support order constituted an appropriate award under Domestic Relations Law § 236, the wife has failed to meet her burden of showing "urgent need”, at least at this time, so that the motion for temporary support is denied without prejudice.
It is clear that both parties will be best served by a speedy resolution of the rescission action so that their respective status can be determined. Accordingly, counsel for both sides are directed to appear before me on April 16, 1986 at 4:00 p.m. for a conference at which remaining discovery matters may be handled and a firm trial date assigned.

. Necessaries is, as a common-law remedy, one available only to the wife. As such, its application obviously raises a serious equal protection issue (see, Macy’s N. Y. v Astacio, NYLJ, Mar. 17, 1983, p 11, col 2 [Civ Ct, NY County]) that issue is not, however, raised here.

. If the agreement is ultimately upheld, it will provide the measure of the spouse’s support and, presumably, terminate the obligation to reimburse for necessaries. If the agreement is voided, the spouse will be returned to her/his preagreement posture with whatever rights and claims s/he then possessed.

. The brief memorandum decision makes unclear the factual situation in which this ruling was made; it is possible, for example, that the application was oral rather than written, not that the request for relief was made on the wrong form.

. That action was for modification of a foreign divorce decree to provide for increased support to the children of the parties. The basis of the jurisdiction to entertain an application for modification is Family Court Act § 461 which, like the claim made here, comes within Family Court Act article 4 and its petition requirement.

. This includes a deposition taken of the wife in connection with this action, the wife’s updated net worth statement and representations, apparently unchanged, made in prior proceedings before Justice Evans.

. This bill is the subject of a litigation brought by the agency against the wife in which the husband has been impleaded as a third-party defendant.

. While wife argues correctly that the provisions of Domestic Relations Law § 236 are applicable in any final award of support which may be made (see, e.g., Rosner v Rosner, 42 ÁD2d 597), she ignores the special provisions of Family Court Act § 437 which apply to temporary support.