■ In the Matter of DAVID L. COURTNEY, Respondent, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles of the State of New York, Appellant.— In a proceeding under article 78 of the Civil Practice Act, to annul an amended determination of the Commissioner of Motor Vehicles, dated April 11, 1962, which revoked petitioner's driver's license and motor vehicle registration on the ground of his failure to maintain proof of financial security, the Commissioner appeals: (1) from an order of the Supreme Court, Nassau County, dated July 5, 1962, which annulled his said determination; and (2) from so much of an order of the same court, dated September 5, 1962, as, upon the granting of the Commissioner's motion for a rehearing upon additional papers, adhered to the court's original decision. Order of September 5, 1962, insofar as appealed from, reversed on the law and the facts, without costs; petition dismissed; and the Commissioner's determination confirmed, without costs. Findings of fact implicit in the opinions of the Special Term which may be inconsistent herewith are reversed, and new findings are made as indicated herein. Appeal from order of July 5, 1962 dismissed as academic. By letter dated October 14, 1958, and mailed to the petitioner at the address shown on his automobile liability insurance policy, petitioner's insurance carrier notified him that it had elected to cancel such policy as of October 27, 1958. On November 1, 1958 the insurance carrier forwarded to the Commissioner a notice of termination, advising him of such cancellation. Upon receipt of this notice, the Commissioner, on December 3, 1958, mailed to the petitioner a notice that his registration had been revoked and directing him to surrender his registration certificate and number plates. On November 2, 1958 (subsequent to the effective date of termination of the insurance coverage) petitioner, while operating the subject vehicle, was involved in a minor accident with another car. Upon receipt of a report of this accident filed by the driver of the other car, a notice was sent to the petitioner by the Department of Motor Vehicles on June 29, 1959, stating that both his automobile registration and his driver's license had been revoked and containing directions similar to those contained in the notice of December 3, 1958. A copy of the later notice was given to the Nassau County Police Department so that they might effect surrender of petitioner's driver's license, registration and number plates. The police were unable to locate petitioner; he had moved from the address shown on his license and on his registration certificate. Upon being informed of this fact by the police, the Commissioner, on September 30, 1959 sent a duplicate of said notice to the petitioner to the address shown on an application, dated April 10, 1959, for registration of another automobile. Petitioner received none of these notices. On April 11, 1962, a fourth notice was sent to the petitioner which he received. During this period he had moved several times without notifying the Commissioner of his changes of address as required by law. Upon the amply sufficient evidence received by the Commissioner that the insurance on petitioner's motor vehicle had been terminated and that he had thereafter operated the vehicle upon a public highway of this State and had been involved in an accident, the Commissioner was required to revoke his license and registration (Vehicle and Traffic Law, § 318, subd. 1, par. [a], subd. 2, par. [a]; formerly § 93-h, subd. 1, par. [a]; § 2, par. [a]). Inscribed upon the insurance carrier's prospective notice of cancellation was the legend that proof of financial security must be maintained continuously throughout the registration period and that failure to maintain such proof is a misdemeanor. This legend was inscribed in 10-point rather than 12-point type as specified in the statute (Vehicle and Traffic Law, § 313, formerly § 93-c, as amd. by L. 1958, ch. 696). Petitioner contends that such failure to comply with the statutory requirement rendered the notice ineffective. In our opinion, under the circumstances here presented, the difference in the size of the type did not impair the validity or the efficacy of the notice. In no way could the petitioner have been prejudiced by this slight

technical defect in the size of the type, as he claims that he never received the notice although it had been duly mailed to him at the address shown on the policy. In any event, the validity of the termination as between the insurer and insured does not affect the Commissioner's right and duty to revoke the registration and license where he has received sufficient evidence of the termination of the insurance and of the subsequent operation of the vehicle. The fact that the Commissioner's 1958 and 1959 orders were not enforced does not mean that enforcement at this time will result in the creation of new penalties not provided by statute. Due to the petitioner's failure to comply with the statute requiring him to notify the Commissioner of his various changes of address (Vehicle and Traffic Law, § 401, subd. 3 [formerly § 11, subd. 3]), there has never been an effective revocation. Nor does the fact that criminal penalties are prescribed by the statute affect the duty of the Commissioner to revoke the license and registration; such penalties are entirely without relevance to his responsibilities in this regard. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Hopkins, JJ., concur.