John W. Sweeny, J.
This is an article 78 proceeding to annul a determination of the respondent Zoning Board that vacated an earlier grant of a use variance, after a rehearing, and denied the variance. In their initial presentation to the board, petitioners represented that they were owners of the property in question before the zoning ordinance was adopted that classified their land as a part of a general industrial zone. After a hearing the board granted a use variance to permit petitioners to operate a retail business on their property. Shortly thereafter, an independent investigation by counsel for the board disclosed that petitioners had first acquired an ownership interest in the property some six months after the zoning ordinance had been adopted. Petitioners were asked to appear before the board again and they did so, acknowledging the *543 inaccuracy as to the time when they took title to the property in question. The board then voted to reopen the hearing with respect to the use variance and to reconsider the matter, the motion being carried. 4 to 2. At a subsequent session, with only 5 of the 7 board members present, a motion to grant the use variance was carried 3 to 2, but the motion was declared defeated because less than a majority of the entire board had voiced their approval. This proceeding followed.
At the outset, the effect of petitioners’ purchase of the property for a use then prohibited by zoning must be considered. The usual statement of the New York rule is “ that one who knowingly acquires land for a prohibited use, cannot thereafter have a variance on the ground of ‘ special hardship ’ ” (Matter of Clark v. Board of Zoning Appeals, 301 N. Y. 86, 89). Yet none of the New York cases that have invoked the so called “ self-created hardship” rule have rested their determination solely on such a ground (see 2 Rathkopf, Law of Zoning and Planning [3d ed.], ch. 48); and, the holding of the Court of Appeals in Matter of Jayne Estates v. Raynor (22 N Y 2d 417) strikes at the rationale of the rule to a degree where its continued validity is in serious doubt. In any event, it cannot be said that under the circumstances of this case, the “ self-created hardship ” rule so affected the power of the zoning board to act that it divested the board of jurisdiction to grant petitioners a use variance. Thus, while the board would have been justified in reopening the matter, it was not required to do so (Matter of Hoerner v. Tormey, 24 A D 2d 597).
The board attempted to reconsider this matter, but it failed to comply with the statutory mandate for such a proceeding. Neither the vote to reconsider nor the vote to annul the approval first granted was, as it had to be, unanimous (Town Law, § 267, subd. 6). Accordingly the board’s denial of the variance is annulled and its initial determination granting the variance is reinstated.