OPINION OF THE COURT
Frederic E. Hammer, J.
On December 9, 1975 respondent Hernandez was involved in an automobile accident with a vehicle owned and operated by Arroya. Hernandez made an uninsured motorist claim against Nassau Insurance Company, his carrier. He served a demand for arbitration upon said company. Nassau petitioned this court for judgment permanently staying Hernandez from proceeding to arbitration against petitioner, contending that Arroya’s vehicle was insured by Allstate Insurance Company.
Allstate Insurance Company was made a party respondent to this proceeding and thereafter claimed that it had terminated its policy of insurance with Arroya prior to the accident.
The parties have submitted an agreed statement of facts as follows:
*7 1. That on July 3, 1975, Allstate issued to Arroya a binder for auto liability insurance in compliance with the financial security laws of the State of New York under policy No. 43589986.
2. That Allstate claims to have terminated this policy by notice of cancellation dated August 8, 1975, effective August 30, 1975 at 12:01 a.m.
3. That the financial security clause of said notice is required by section 313 of the Vehicle and Traffic Law to be in type the face of which shall not be smaller than 12-point. The parties concede that the face of the type of said clause was 6-point and not 12-point.
4. That Arroya acknowledges receipt of the notice of cancellation; that he read and understood the financial security clause, and acknowledges that he was aware of the fact that if he did not obtain new insurance before the expiration date set forth in the cancellation notice (Aug. 30, 1975, 12:01 a.m.) or surrender his license plates, his registration would be revoked, notwithstanding the size of the type of the financial security notice.
5. That no other insurance company insured the Arroya vehicle for auto liability insurance on December 9, 1975.
6. That at the time. Arroya applied for insurance with Allstate, he advised Allstate that he only had a learner’s permit and not a driver’s license. That the reason for cancellation stated on the cancellation notice was: "The reason for this action is lack of driving experience.” That Arroya stated to Allstate that he would obtain a valid New York driver’s license in a couple of days; that Arroya never obtained such license. Allstate sent a cancellation notice because he never secured the driver’s license as represented.
The issue before the court is whether or not Allstate’s insurance policy was effectively terminated by its notice of cancellation dated August 8, 1975.
Petitioner Nassau contends that the financial security clause which is required by section 313 of the Vehicle and Traffic Law to be in 12-point type, did not appear in that size and, therefore, the cancellation notice was ineffective.
Respondent Allstate contends that the fact the financial security clause was printed in 6-point type is not controlling and does not invalidate the notice of cancellation, since Arroya did receive the notice of cancellation, read the financial *8 security clause, and was aware of and fully understood its import and its meaning.
Section 313 of the Vehicle and Traffic Law states: "Every such notice of termination for any such cause whatsoever sent to the insured shall include in type of which the face shall not be smaller than twelve point a statement that proof of financial security is required to be maintained throughout the registration period”.
There appears to be a paucity of decisions dealing specifically with the size of type. In Courtney v Hults (18 AD2d 1091) the insurance carrier sent a cancellation notice in which the financial security clause was inscribed in 10-point type instead of 12-point type, as specified in section 313 of the Vehicle and Traffic Law. The petitioner (insured) contended that the failure to strictly comply with the statute rendered the notice of cancellation ineffective. The court stated (pp 1091-1092): "In our opinion, under the circumstances here presented, the difference in the size of the type did not impair the validity or the efficacy of the notice. In no way could the petitioner have been prejudiced by this slight technical defect in the size of type”.
In Matter of Nassau Ins. Co. (Newsome) (86 Misc 2d 942), Nassau Ins. Co. v Lion Ins. Co. (89 Misc 2d 982) and Skinner v Buffalo Ins. Co. (NYLJ, May 2, 1977, p 38, col 6), the courts held that the failure of a financial security clause in a cancellation notice to be in 12-point type was fatal; that section 313 of the Vehicle and Traffic Law had to be strictly construed. These cases did not involve persons actually in receipt of the notice, and are therefore not determinative of the issue herein.
To resolve this controversy, the intent of the statute should be considered. The purpose of 12-point type for the financial security clause is to make certain that the insured receives proper and conspicuous notice of the clause. It was to make this clause apparent and call attention so as to alert persons receiving the notice that the insurance policy was being canceled and new insurance must be obtained, or upon failure to do so, to surrender the auto registration and license plates.
In the instant case, it is conceded by the parties that Arroya, the person whose insurance was canceled' had received, had read, and had fully understood the financial security clause and its impact upon him, despite the fact that *9 it was in 6-point type and not in 12-point type. Arroya did have actual notice which was the intent of the statute.
The court holds a proper cancellation of insurance had been given by the Allstate Insurance Company. Petitioner and respondent Hernandez are directed to proceed to arbitration under the uninsured motorist clause. Petitioner’s application to permanently stay arbitration is denied.
(Supplemental Memorandum, June 9, 1977)
By decision dated June 2, 1977, the court resolved the issue raised in an agreed statement of facts submitted by stipulation dated May 16, 1977.
The attorney for the movant has requested by letter dated June 7, 1977 that the court make a determination of a further issue, "whether or not * * * the reason for cancellation set forth on the cancellation notice complied with the provisions of Insurance Law 167-a(2)”. Subdivision (2) of section 167-a of the Insurance Law reads as follows: "During the first sixty days a covered policy is in effect, no notice of cancellation shall be issued or be effective unless it states, or is accompanied by a statement of the specific reason or reasons for such cancellation.”
The court repeats its decision of June 2, 1977 by reference thereto with the same force as though repeated at length.
Based upon the facts submitted in the moving papers, the court finds that the cancellation notice was in compliance with subdivision (2) of section 167-a of the Insurance Law.