■ In the Matter of Hilda B. Giambra et al., Respondents, v Commissioner of Motor Vehicles of the State of New York, Appellant.—Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: The Commissioner of Motor Vehicles appeals from a judgment in this article 78 proceeding which annulled his revocation of petitioners' operators' licenses and registration. The reason for the revocation was the operation of an uninsured motor vehicle on a public highway. Petitioner Hilda B. Giambra is the owner of a motorcycle which was being operated by her son, petitioner Anthony D. Giambra, on a public highway in the Town of Moravia. The cycle overturned in the highway and the police accident report indicated that there was no insurance coverage on the vehicle. Upon

receipt of the police report the department of Motor Vehicles sent a notice to petitioner Hilda requesting insurance verification. Receiving no response, the commissioner determined that the vehicle was not insured and was in violation of section 318 of the Vehicle and Traffic Law and thereupon revoked the licenses of both petitioners. Petitioners did not appeal their revocation orders to the appeals board nor request a stay of revocation. They commenced this article 78 proceeding by a pleading designated a petition, verified by their attorney. The petition did not address the question of lack of insurance and gave no adequate reason showing unusual necessity for verification by the attorney rather than the petitioners who were the aggrieved parties. CPLR 7804 (subd [d]) provides, in pertinent part, that the proceeding "shall be by a verified petition, which may be accompanied by affidavits or other written proof." The document verified by the attorney was not a verified petition which complied with the statute (Matter of Zelter v Nash, 285 App Div 1214; Matter of Weinraub v Gabel, 41 Misc 2d 234). A second reason for dismissal of the proceeding is the failure of petitioners to comply with section 261 of the Vehicle and Traffic Law. Upon receipt of the revocation orders, petitioners had a right of appeal to the appeals board. Having failed to appeal, section 263 of the Vehicle and Traffic Law provides in part that "No determination of the commissioner* * *which is appealable under the provisions of this article shall be reviewed in any court unless an appeal has been filed and determined in accordance with this article". Having failed to exhaust their administrative remedies, petitioners, on the record before us, were barred from bringing an article 78 proceeding to review the revocation (Matter of Curran v Melton, 86 Misc 2d 679). Section 318 of the Vehicle and Traffic Law requires that when the commissioner receives evidence of the operation of a vehicle without insurance coverage he "shall revoke the registration of such vehicle." The commissioner has no discretion in carrying out the mandatory statutory duty (Matter of Courtney v Hults, 18 AD2d 1091; Simpson v Tofany, 58 Misc 2d 843, 846; Matter of Foster [MVAIC], 55 Misc 2d 784, 787). Petitioners' only remedy was to to seek review by the appeals board. Having failed to proceed in compliance with the Vehicle and Traffic Law, the petition is dismissed. (Appeal from judgment of Cayuga Supreme Court—art 78.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.