■ In the Matter of EDWARD NAFALSKI, as Parent and Natural Guardian of AUDRA NAFALSKI, an Infant, et al., Appellants, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered April 28, 1977 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for failure to serve respondents with a verified petition. The petitioner on January 14, 1977 served upon the respondents a notice of petition and a petition signed by his attorney. The respondent Fahey on January 27, 1977 advised the petitioner's attorney that he was rejecting the petition because it was not duly verified as required by CPLR 7804 (subd [d]). Respondent Toia on January 31, 1977 rejected the petition upon the same ground. The petitioner secured an order to show cause dated February 1, 1977 seeking to compel acceptance of the service of the petition. The issue presented to Special Term and upon appeal is whether or not the failure to serve a verified petition is a jurisdictional defect, and, if not, whether or not the respondents properly elected to treat it as a nullity by giving notice with "due diligence" as required by CPLR 3022. Special Term found that the unverified petition was a "nullity", but made no finding on the question of due diligence. CPLR 3022 provides: "A defectively verified pleading shall be treated as an unverified pleading. Where a pleading is served without a sufficient verification in a case where the adverse party is entitled to a verified pleading, he may treat it as a nullity, provided he gives notice with due diligence to the attorney of the adverse party that he elects so to do." The respondents have

---

clearly not given notice of their election with the due diligence required by CPLR 3022 (see *Matter of O'Neil v Kasler,* 53 AD2d 310, 315; *State of New York v McMahon,* 78 Misc 2d 388, 389). In *Matter of Smith v Board of Stds. & Appeals of City of N. Y.* (2 AD2d 67), the court, in an opinion by then Mr. Justice Bergan, concluded that the petition in an article 78 proceeding (at that time article 78 of the Civ Prac Act) was simply a pleading and accordingly, a failure to verify would be an error subject to correction in the absence of a showing of prejudice to a substantial right. In the cases of *Capital Newspapers Div.—Hearst Corp. v Vanderbilt* (44 Misc 2d 542) and *State of New York v McMahon (supra),* it was held that pursuant to CPLR 3026 an omitted or defective verification was a defect which would be ignored as long as a substantial right of a party is not prejudiced. The respondents, in our opinion, retained the petition served on them beyond any reasonable conception of "due diligence". If the respondents had deemed the verification important, they were obligated to call timely attention to the omission so that it might be supplied or corrected. The present record does not reveal any prejudice to the respondents by ignoring the defect and, since the papers were timely served, the decision of Special Term is erroneous as a matter of law (cf. *Matter of Giambra v Commissioner of Motor Vehicles of State of N. Y.,* 59 AD2d 648, 649 [pleading had other serious deficiencies warranting its dismissal]). Judgment reversed, on the law, without costs, and petition reinstated with permission to the respondents to file an answer within five days after notice of entry of the order herein. Greenblott, J. P., Sweeney, Larkin, Mikoll and Herlihy, JJ., concur.