■ In the Matter of GLORIA H. MESICK, Respondent, v MARTIN C. MESICK, Appellant.—Appeal from an order of the Family Court of Columbia County, entered January 17, 1979, which committed appellant to the Columbia County jail for a term of 10 days for failure to obey an order of support. On or about May of 1975, the parties entered into a separation agreement wherein appellant agreed to pay petitioner $90 per week for the support of their three children. Subsequently, a judgment divorcing the parties upon the ground that they had lived apart pursuant to a written separation agreement was granted and entered on February 4, 1977. The judgment provided that the Family Court shall have concurrent jurisdiction relating

to support of the children, but it neither incorporated the separation agreement nor set any amount regarding support of the children. On September 15, 1978, petitioner filed a petition for support pursuant to section 423 of the Family Court Act for two of the children. She alleged that since November 4, 1977 appellant had refused and neglected to provide support for her and the two children. A hearing was held on September 22, 1978 at which petitioner's attorney argued that appellant had been in violation of an order which "three judges have issued, one a Supreme Court judge and two Family Court judges" and he should, therefore, be held in contempt. The court, however, noted that the petition sought an order of support, rather than enforcement of an existing support order. Nevertheless, it thereupon found that the "present support obligation is an order that can be enforced by the Family Court", and placed appellant on oral notice that at the next hearing, a contempt proceeding would be taken against him. The court stated that petitioner need not file a further petition, and assigned counsel to represent appellant. On October 27, 1978, a hearing was held at which appellant was examined as to his assets. The court found appellant to be in willful contempt, at least to the extent that he applied funds otherwise available to meet support obligations to the outright purchase of a truck instead of making an installment purchase. A penalty of 10 days in the Columbia County jail was imposed unless he paid $650 by November 22, 1978. The money was not paid and a warrant for the appellant's arrest was issued. Another hearing was held on December 15, 1978, at which appellant was directed to pay some money within a week. On December 21, 1978, appellant tendered $100 in open court in compliance with the court's order of December 15, 1978 and he was again directed to pay more money within one week. He appeared on December 28, 1978, but failed to tender additional funds. The court directed that an order of commitment be prepared, commencing January 17, 1979. It was signed that date and on February 8, 1979, the Presiding Justice of this court stayed the order pending appeal. The dispositive issue is whether the Family Court acquired jurisdiction to issue an order of commitment where a petition required by section 453 of the Family Court Act was not filed. Section 453 provides that a compliance proceeding "shall be originated by the filing of a petition containing an allegation that the respondent has failed to obey a lawful order of [the Family Court]". Examination of the record in the case before us discloses that such a petition has not been filed. Furthermore, the court's finding that appellant's obligation to support is an "order" enforceable by the Family Court is untenable, since the record reveals that an order of support has never been issued either by the Supreme Court or the Family Court. In *Matter of Rensselaer County Dept. of Social Servs. v Cossart* (38 AD2d 635, 636), this court held that the Family Court has no jurisdiction to entertain a support proceeding where a petition required by section 423 of the Family Court Act was not filed. Similarly, where, as here, a petition to enforce compliance with a nonexistent court order of support has never been filed as required by section 453, the Family Court is without jurisdiction to issue an order of commitment. Therefore, this proceeding must be remanded so that a support order pursuant to the provisions of article 4 of the Family Court Act may be properly entered. Order reversed, on the law, without costs, and matter remitted to the Family Court of Columbia County for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.