DEANNA MORGAN, Appellant, v HARRY E. MORGAN, Respondent.

First Department, October 20, 1983

APPEARANCES OF COUNSEL

*Samuel Kowal* for appellant.

*Oswald Silvera* of counsel (*Silvera, Brooks & Latimer, P. C.,* attorneys), for respondent.

Asch, J.

In 1975, plaintiff wife and defendant husband, while residing in New York, entered into a separation agreement providing maintenance for the plaintiff and support for their two children. Later, plaintiff sought to increase the maintenance and support levels provided for in the agreement. She served the defendant with an order to show cause, signed August 5, 1981, returnable August 13, 1981, seeking an increase in maintenance and support because of a change in circumstances. However, she did not commence a separation action or an action for divorce.

Despite default by defendant, Special Term in an order entered November 12, 1981 denied the application noting that no matrimonial action had been commenced in New York between the parties and that in the absence of such an underlying action, the court lacked jurisdiction in this matter. After submission of the wife's application the defendant appeared and sought to vacate any judgment. By an order dated March 11, 1982, Special Term granted defendant's application to the extent of referring the issue of the financial circumstances of the parties to a referee to hear and report, although such relief was implicitly denied in the earlier order of November 12, 1981 dismissing the matter.

In the interim, plaintiff moved to reargue the order appealed from herein and by order dated May 25, 1982, Special Term denied this motion adhering to its original rationalization that since the wife's initial application was not based upon an underlying matrimonial action, jurisdiction did not lie. Nevertheless, the reference directed by the order dated March 11, 1982 was conducted and defendant participated in the hearings. The referee's report recommended increased support by the husband for the children. By an order dated December 9, 1982, Special Term denied the motion to confirm the referee's report once more on the basis that the court lacked jurisdiction.

■ Insofar as plaintiff's application for maintenance is concerned, it is apparent from the record that defendant was fully complying with the terms of the separation agreement and also that plaintiff was not "likely to become

in need of public assistance" (Family Ct Act, § 463). Further, plaintiff's claim for equitable distribution could properly have been denied solely upon the papers submitted, since no matrimonial action in which such relief is available has been brought (Domestic Relations Law, § 236, part B). On the other hand, her claim for increased child support was prima facie merit. A separation agreement is not conclusive upon the parties when it is claimed and established that the children are not receiving adequate support, as opposed to an attempt to merely readjust the respective obligations of the parents to support their children (*Matter of Brescia v Fitts,* 56 NY2d 132, 138-140).

Special Term erred when it held that no action sufficient to sustain jurisdiction had been commenced. A special proceeding for an order of child support, including one to modify a separation agreement unaffected by any prior order or judgment, may be maintained pursuant to section 37 of the Domestic Relations Law and sections 423 and 461 of the Family Court Act. Such a proceeding is commenced by and jurisdiction over the person of the defendant obtained by service of a notice of petition or order to show cause, with no summons necessary (CPLR 304). CPLR 403 (subd [d]) specifically permits service of an order to show cause in lieu of a notice of petition. Thus the prerequisite of notice to the defendant was fulfilled by the procedure employed by plaintiff.

■ In addition, jurisdiction over the nonresident, nondomiciliary defendant could clearly be exercised by the court pursuant to several separate grounds furnished by CPLR 302 (subd [b]), to wit: plaintiff was a New York resident at the time of the application and New York was the matrimonial domicile of the parties prior to their separation; the claim of support accrued under the laws of this State; and the claim accrued under an agreement executed in this State (see Domestic Relations Law, § 35). Further, defendant waived any defense of lack of personal jurisdiction (CPLR 3211, subd [e]), by failing to ever raise the defense and participating fully in the evidentiary hearing before the referee.

■ Though not raised by defendant at Special Term or on appeal, plaintiff failed to denominate her initial support-

ing sworn affidavit a petition and to separately number her assertions. However, the attestation requirements for an affidavit are more stringent than that for a verification (cf. CPLR 2309 with 3020) and this is not a case of improper verification which can lead to dismissal (see *Matter of Klein v Haft,* 68 AD2d 872). Given defendant's responsive affidavit and clear lack of prejudice to him, such "mistake, omission, defect or irregularity" should be disregarded (CPLR 2001), in order "to secure the just, speedy and inexpensive determination" of this matter (CPLR 104). Finally, this minor defect does not go to the subject matter jurisdiction of the court over the child support issue (see *Matter of Sardino v Finch,* 35 AD2d 686).

CPLR 103 (subd [c]) provides that "[i]f a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form". As this court has noted on a prior occasion, "[i]ts purpose is to avoid dismissals for errors in form alone and to allow a court which has proper jurisdiction of the parties to permit the continuation of litigation without regard for technical defects" (*Matter of O'Shea,* 28 AD2d 977).

We note that the only order appealed from by plaintiff is that of November 12, 1981. Plaintiff seeks confirmation of the referee's report but this would be inappropriate as the issue is not properly before this court. The referee's report was not in existence at the time of the entry of the order appealed from and the order of Special Term denying confirmation is not the subject of either a direct appeal or one brought up for review by this appeal pursuant to CPLR 5501 or 5517 (subd [b]).

The bar of CPLR 5511 against appeals from orders entered upon default does not extend by its own terms to the appeal herein since it was not the "aggrieved party", plaintiff-appellant, who defaulted but the defendant-respondent. Since the referee's report failed to recommend any specific increase in the level of child support, upon the remand for further proceedings, Special Term can consider the matter further in accordance with the rationale herein, perhaps conducting a hearing on the issue, *inter alia,* of the precise amount needed by the children.

Accordingly, the order of the Supreme Court, New York County (STECHER, J.), entered November 12, 1981, denying plaintiff's motion for an order modifying a separation agreement, should be reversed, on the law, without costs, and the matter remanded for further proceedings not inconsistent with the above.

SILVERMAN, BLOOM, LYNCH and ALEXANDER, JJ., concur.

Order, Supreme Court, New York County, entered on November 12, 1981, unanimously reversed, on the law, without costs and without disbursements, and the matter remanded for further proceedings not inconsistent with the opinion herein.