In the Matter of BLANCHE A. IRELAND et al., Appellants, v
TOWN OF QUEENSBURY ZONING BOARD OF APPEALS, Respon-
dents, and FRANK J. PARILLO, Intervenor-Respondent.

Third Department, June 27, 1991

APPEARANCES OF COUNSEL

*LeBoeuf, Lamb, Leiby & MacRae (Robert J. Alessi* of counsel), for appellants.

*Paul B. Dusek, Town Attorney,* for Town of Queensbury Zoning Board of Appeals, respondent.

*John H. Richards* for Frank J. Parillo, respondent.

**OPINION OF THE COURT**

CREW III, J.

In early 1989, respondent Frank J. Parillo purchased 24.33 acres of real property which was part of a marina consisting of docks and a boat launch on Lake George in the Town of Queensbury, Warren County. The previous owner of the boat launch had opened it for public use; however, such use had been sporadic. Parillo improved the launching area and opened it for public use for a fee. In June 1989, the town's Director of Building and Code Enforcement advised Parillo that, although the marina consisted of a nonconforming use, because boat launching activities by the public had ceased more than 18 months prior to his acquisition of the property, he was obliged to file an application for a variance.

Parillo appealed that decision to respondent Town of Queensbury Zoning Board of Appeals. A notice of public hearing was published advising that Parillo's application for a

notice of appeal would be considered at the Zoning Board's July 1989 meeting. Additionally, notice of the meeting was sent to area residents, including petitioner Blanche A. Ireland, advising that as property owners in the immediate vicinity they could appear and be heard. Parillo's attorney appeared at the hearing and advanced several reasons why his client should not be required to obtain a variance. Apparently, no members of the public were allowed to be heard. Following the hearing, the Zoning Board voted unanimously to deny Parillo's appeal. Subsequently, Parillo submitted an application for a variance and requested a rehearing by the Zoning Board. No action was ever taken upon Parillo's application for a variance because it was tabled.

In October 1989, upon a motion by one of its members, the Zoning Board voted 5 to 1 to review its July 1989 decision based upon newly discovered evidence. At a December 1989 hearing, the Zoning Board was advised by the Town Attorney that its July hearing relating to Parillo's appeal was a nullity because the public was not afforded an opportunity to be heard. He also advised the Zoning Board that its October vote relating to rehearing its July decision was improper in that a unanimous vote was required to rehear its previous decision. The Town Attorney further advised the Zoning Board that, in view of the fact that its July 1989 and October 1989 proceedings were contrary to law, it could consider Parillo's appeal anew. The Zoning Board then voted 5 to 2 that no application was required for a use variance by Parillo because there was no total cessation of boat-launching activities by the public for more than 18 months.

Ireland and petitioner Lake George Association (hereinafter the Association) commenced this combined action for declaratory judgment and proceeding pursuant to CPLR article 78 alleging, *inter alia,* that the Zoning Board's proceedings were not conducted in accordance with Town Law § 267. After interposing their answers, respondents each moved to dismiss petitioners' action/proceeding on several procedural grounds as well as on the merits. Supreme Court dismissed petitioners' complaint/petition in its entirety, and this appeal ensued.

█ Parillo contends that the complaint/petition was properly dismissed because petitioners lacked standing to challenge the procedures of the Zoning Board. We disagree. Ireland has standing to challenge the procedures of the Zoning Board based upon her ownership of real property adjoining Parillo's land and the costs incurred by her to repair damage

to her shoreline caused by boat traffic from Parillo's marina *(see, Matter of Rosch v Town of Milton Zoning Bd. of Appeals, 142 AD2d 765, 766-767)*. Additionally, the Association has standing *(cf., Matter of Clinton v Summers, 144 AD2d 145, 147)* and any challenge to its unverified complaint/petition by the Zoning Board was waived in that it was not raised within 24 hours *(see, Matter of Lentlie v Egan, 94 AD2d 839, 840, affd 61 NY2d 874)*. As to Parillo's challenge to the Association's unverified complaint/petition, there is no evidence that a substantial right has been prejudiced and the complained of defect should therefore be ignored *(see, CPLR 3026; Matter of Nafalski v Toia, 63 AD2d 1039; State of New York v McMahon, 78 Misc 2d 388)*.

■ The pivotal issue on this appeal is whether the July hearing of the Zoning Board was conducted in accordance with the Town Law. Respondents assert that the hearing was a nullity because the public was not given an opportunity to be heard. We disagree. Town Law § 267 (1) provides that meetings of the Zoning Board shall be open to the public to the extent provided in the Open Meetings Law (Public Officers Law art 7). We assume, without deciding, that persons potentially affected by a matter before the Zoning Board would have a right to be heard. Indeed, we have had occasion to hold that a zoning board's failure to entertain public comment was irrational where, as here, area residents had been notified that they may appear and be heard at a public hearing *(see, Matter of Britt v County of Niagara, 82 AD2d 65, 70)*. However, it should be noted that the petitioners in *Matter of Britt v County of Niagara (supra)* were the very residents who had been denied the opportunity to comment. In the case at bar, the efficacy of the July 1989 meeting is not assailed by anyone who was denied the right to be heard. To the contrary, the person challenging the proceeding was given notice of the hearing, was afforded the opportunity to be heard, appeared by counsel and was heard.

Assuming that the July 1989 hearing was not in accordance with the Open Meetings Law, it was not void but, rather, voidable. Courts are empowered, in their discretion and upon good cause shown, to declare void action taken by a public body in violation of that law *(see, Public Officers Law § 107; Matter of New York Univ. v Whalen, 46 NY2d 734)*. Because Supreme Court did not render a written decision indicating its reasons for dismissal, we are unable to determine if it was based on the discretionary authority with which it is vested. If

it was, we find it to have been an abuse of discretion. As indicated, Parillo was given notice and the opportunity to be heard. He has presented no evidence, nor has he even suggested, that the failure to permit area residents to comment inured to his detriment. Under those circumstances, he has failed to show the necessary good cause required to declare the July 1989 meeting void.

It follows, therefore, that the action of the Zoning Board at its December 1989 hearing was not in accordance with the Town Law. That hearing was a result of the October 1989 hearing wherein the Zoning Board voted 5 to 1 to review its July 1989 decision. In order to review that decision, at least 4 of the 7 members of the Zoning Board must have been present and all of the members present must have unanimously adopted the motion to review (see, Town Law § 267 [6]; *Matter of Panella v Budney,* 59 Misc 2d 542, 543). Additionally, even if the decision to review the Zoning Board's July 1989 determination had been proper, the action taken at the December 1989 hearing was fatally flawed. At that hearing the Zoning Board voted 5 to 2 to reverse its prior decision. The law is clear that in order to reverse a prior decision, the vote to do so must be unanimous (see, Town Law § 267 [6]; *Matter of Stevens v Hewson,* 152 AD2d 956). Accordingly, Supreme Court's order must be reversed and respondents' motions denied.

CASEY, J. P., WEISS, MIKOLL and LEVINE, JJ., concur.

Ordered that the judgment is reversed, on the law, with costs, and motions denied.