■ In the Matter of CATRICE W., a Person Alleged to be a Juvenile Delinquent, Appellant. [617 NYS2d 900] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.) dated August 5, 1992, which, upon a fact-finding order of the same court, dated March 25, 1992, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crimes of assault in the third degree and menacing, adjudged her to be a juvenile delinquent and placed her on probation for a period of 12 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

An authorized representative of the presentment agency signed the original petition in this case, although her signature concededly appears above the line designating her as a notary public. The signature line on the petition form, which presumably should have contained her signature, is blank. The petition, therefore, does not conform to the verification requirement set forth in Family Court Act § 311.1 (4). However, we agree with the Family Court that this obviously nonprejudicial irregularity relating to verification of the petition is a matter of form within the meaning of Family Court Act § 311.5 (1) and, therefore, subject to amendment *(see,* Family Ct Act § 311.5 [1]; § 311.2 [1]; § 315.1 [1] [a]; *cf.,* Family Ct Act § 311.5 [2]; § 311.2 [2], [3]; *see also,* CPLR 3020 [d] [2]; 3022). Thus, the Family Court properly allowed the presentment agency to file an amended petition in order to cure the defective verification. Santucci, J. P., Joy, Krausman and Goldstein, JJ., concur.