■ In the Matter of MICHELE E. SHEEHAN, Respondent, v MICHAEL J. SHEEHAN, Appellant. [634 NYS2d 264] —Mikoll, J. P. Appeals from two orders of the Family Court of Albany County (Maney, J., and Dunne, H.E.), entered November 9, 1994 and November 21, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify the support provisions of the divorce decree between the parties.

Plaintiff and defendant were divorced in 1982, at which time

the separation agreement they entered into in 1981 was incorporated but not merged into the judgment of divorce. Petitioner retained custody of their son. The agreement provided that respondent would pay child and spousal support of $65 and $45 per week, respectively. In 1986, these obligations were increased to $70 and $50 per week, respectively.

The present proceeding was commenced in October 1993 by order to show cause for an upward modification of the child support provisions, alleging there had been a change of circumstance warranting an increase. Affirmations in support of the relief were submitted by petitioner, as well as financial affidavits and other documents. No petition, however, was filed requesting the relief sought. Respondent moved to dismiss the proceeding for lack of jurisdiction and on the merits. The application was denied by the Hearing Examiner and a hearing was ordered. Family Court sustained the Hearing Examiner's ruling, whereupon a hearing ensued. The Hearing Examiner sustained respondent's objections to the finding of unanticipated change in circumstances, but nevertheless ordered that his child support obligation be increased to $156.37 per week to meet the child's needs. Family Court concurred with this finding.

Respondent argues that petitioner's failure to file a petition requires dismissal of the proceeding. We agree. The failure to file a petition in this proceeding renders Family Court without jurisdiction (*see, Matter of Mesick v Mesick*, 71 AD2d 737, 738; *Matter of Rensselaer County Dept. of Social Servs. v Cossart*, 38 AD2d 635, 636; *see also*, Family Ct Act § 423). An order to show cause may be served in lieu of a notice of petition to commence a proceeding for an order of support, including modification of support provisions (*see, Morgan v Morgan*, 95 AD2d 593, 595), but it does not relieve a party of the concomitant responsibility to file a petition.

Accordingly, the orders are reversed and the petition is dismissed for lack of jurisdiction.

White, Casey and Peters, JJ., concur. Ordered that the orders are reversed, on the law, without costs, and petition dismissed.