OPINION OF THE COURT
David B. Saxe, J.
The cross motion by respondent, seeking dismissal of those *212 branches of petitioner’s application which seek child support and related relief, is granted.
No case law exists supporting the proposition propounded by petitioner, to the effect that Domestic Relations Law § 240 applies to proceedings involving children of unmarried parents. Indeed, Pierot v Pierot (49 AD2d 838 [1st Dept 1975]) holds that Domestic Relations Law §§ 236 and 237 are inapplicable where the parties are unmarried. Therefore, the only authority under which this court may award child support to petitioner is Family Court Act article 4.
In Goldman v Goldman (132 Misc 2d 870, affd 124 AD2d 1079 [1st Dept 1986]), the wife’s "nonmatrimonial” action for support, commenced by summons and complaint, was — in essence — converted into a proceeding under article 4 of the Family Court Act, pursuant to CPLR 103 and 105 (b), the court noting that personal jurisdiction over the husband had been properly obtained. Given the court’s conversion of the complaint into a petition, the court in Goldman held that the failure to file a petition neither violated the statute’s direction that " '[proceedings under [Family Court Act article 4] are commenced by the filing of a petition’ ”, nor ran afoul of the case law and commentary stating that " 'failure to file a petition renders the subsequent court proceedings a nullity and denies the Family Court jurisdiction to make a valid order of support’ ” (see, Matter of Rensselaer County Dept. of Social Servs. v Cossart, 38 AD2d 635 [3d Dept 1971]).
However, while an action may be converted into a petition, or vice versa, I find no support for authorizing amendment of a petition under Family Court Act article 6 so as to include an additional claim for relief under Family Court Act article 4.
It is well settled that when adjudicating rights under the Family Court Act, "the Supreme Court is bound by both the substantive and procedural requirements of Article 4” (Goldman v Goldman, supra, at 873). Although in actions in the Supreme Court, leave to amend a complaint "shall be freely given upon such terms as may be just” (CPLR 3025 [b]), that procedural rule does not appear to apply in Family Court support or custody proceedings. Indeed, while amendment of certain kinds of Family Court petitions is specifically authorized by the statute (see, Family Ct Act §§ 311.5 [juvenile delinquency petitions], 1051 [b] [child protective proceedings]), there is no such statutory provision regarding amendment of the type of petition now before this court.
Under the Family Court Act, a request for an order of child support must be based upon a petition pursuant to Family *213 Court Act § 423; another petition for some other type of relief will not suffice. For instance, even where a support petition pursuant to Family Court Act § 423 was filed and properly served, but where the petitioner sought and the court granted an order of commitment instead of an order of support, it has been held that "the Family Court [was] without jurisdiction to issue an order of commitment” (Matter of Mesick v Mesick, 71 AD2d 737, 738 [3d Dept 1979] [emphasis added]).
No support is cited by petitioner or found by this court authorizing the amendment of a Family Court Act custody petition so as to add as a form of relief an order of support under the Family Court Act. Indeed, it appears that the Family Court Act requires, a new petition under section 423 before the court is authorized to award child support. Accordingly, the cross motion is granted.
Consequently, the motion in chief for support must be denied to the extent it seeks financial relief.