OPINION OF THE COURT
Spero Pines, J.
This matter came before the court as follows. On October 19, 1995, the Broome County Support Collection Unit filed a *28 proposed, adjustment order with this court, increasing Robert Hall, Jr.’s child support payments. On November 20, 1995, Mr. Hall filed a timely objection to the proposed order, and a hearing was scheduled, pursuant to Family Court Act § 413 (3) (c).
The uncontested testimony of the Support Collection Unit’s (SCU) representative was that the objectant had failed to provide financial disclosure during the review and adjustment period. Relying, therefore, on information provided by the New York State Tax Commission (Family Ct Act § 413 [3] [b] [2] [c]), the SCU submitted a proposed order increasing the objectant’s child support payments. In performing these calculations, the Support Collection Unit did not consider whether the figures provided by the Tax Commission were based on an individual or joint return. Further, in determining the proposed adjustment, no deduction was allowed for FICA or Medicare taxes, as provided in the Child Support Standards Act. (Family Ct Act § 413 [1] [b] [5] [vii] [H].) The hearing resulted in an order from the Hearing Examiner sustaining the objections. The proposed adjusted order, therefore, was not signed, leaving the prior order of support in full force and effect.
Proponent, Broome County Support Collection Unit, filed written objections with this court, challenging that decision, issued by Hearing Examiner Robert J. Eberz, on February 29, 1996. Mr. Hall, by and through his attorney, filed a response to those written objections.
The Support Collection Unit, on behalf of Ms. Citriniti, contends that it was error for the Hearing Examiner to have rejected the proposed adjustment, and suggests (as have several other written objections submitted by SCU) that the Hearing Examiner, or a Judge of this court, has the power to modify an adjusted order proposed by SCU. In the alternative, it is argued that the Hearing Examiner may simply substitute his or her own order when objections to such a proposed order are sustained. This is not the case.
The Family Court is a court of limited jurisdiction. A proceeding for modification of a child support order is commenced by the filing of a petition, as required by Family Court Act § 423. It is well settled that, in the absence of a properly filed petition, the Family Court is without jurisdiction to issue an order of support. (Matter of Rensselaer County Dept. of Social Servs. v Cossart, 38 AD2d 635 [3d Dept 1971]; Matter of Sheehan v Sheehan, 221 AD2d 897 [3d Dept 1995]; Matter of Mesick v Mesick, 71 AD2d 737 [3d Dept 1979].)
In Cossart (supra), the matter before the Court appears to have been an initial support order and in Sheehan (supra), the *29 issue was an upward modification. The Mesick case (supra) involved a finding of willful violation (Family Ct Act § 453) where the only petition before the Court was in the nature of child support (Family Ct Act § 423). In each case the Third Department found that jurisdiction to issue orders in support matters is strictly dependent on a properly filed petition. (See also, Brentrup v Culkin, 167 Misc 2d 211 [Sup Ct, NY County 1996].)
Recently implemented amendments to section 413 of the Family Court Act describe an alternative method of modifying an existing child support order. The quasi-administrative procedure calls for periodic review of child support orders by the Support Collection Unit. When, upon periodic review, the SCU determines that there is a basis for adjusting an existing order (i.e., that the new order would result in a 10% or more increase over the current payment amount), a proposed order is submitted to the court upon notice to the parties. If no timely objection is filed, the adjusted order is signed by the chief clerk of the court, without judicial review, and becomes the new order. If, however, any party timely objects, in writing, to the proposed order, a hearing is scheduled, at which both the proponent of, and objector to, the adjustment may present evidence "in support of or in opposition to” the proposed adjustment. (Family Ct Act § 413 [3] [c].)
There is no authorization in this process for a plenary hearing on the issue of modification and no provision for notice to the parties to that effect. Further, and more importantly, there is no petition filed in the Family Court.* The Family Court, therefore, while granted jurisdiction to review the proposed adjustment, is without power to issue a new order modifying the existing support order. The Hearing Examiner may only sustain or overrule the objections raised. If, in the course of testimony, the Hearing Examiner finds that the proposed order is incorrect, whether through a misapplication of the review process or the correct application of a flawed process, he or she may only order that the proposed adjustment not be signed and entered. This does not leave the child in any jeop *30 ardy, since the most recent support order remains in effect, nor are the rights of the petitioner to seek modification, by filing a petition, compromised.
In the instant case, the Hearing Examiner found that, in spite of the SCU having acted in good faith, the review process employed was fatally flawed, in that the proposed order was not based on the calculations required by the Child Support Standards Act.
Where, as here, the Hearing Examiner correctly finds that application of the full provisions of the Child Support Standards Act would result in an order at variance from the proposed adjustment, the proposed order should not be signed. Such a finding is without prejudice to the proponent’s right to seek modification through the petition process.
For the foregoing reasons, it is hereby ordered that proponent’s objections to the Hearing Examiner’s decision entered February 6, 1996, are denied.

 Opportunity for confusion is inherent in any novel process. Compounding the problem in this procedure are the captions used by the Family Court in connection with hearings held pursuant to timely objections to the proposed adjustment. The official forms require a "Petitioner” and a "Respondent”, and the custodial parent, perhaps based on tradition, is labeled the "Petitioner.” In fact, there is no petitioner because there is no petition. The caption used in this decision is more reflective of the actual position of the parties and the type of proceeding before the court.