Matter of Salengo v Holness (2003 NY Slip Op 51719(U))

[*1]

Matter of Salengo v Holness

2003 NY Slip Op 51719(U)

Decided on March 26, 2003

Family Court, Orange County,

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 26, 2003

Family Court, Orange County,
In the Matter of JULIE SALENGO, Petitioner, - - NORRIS HOLNESS, Respondent.
Docket No. F363701/03G

Thomas G. Farrell, Esq.
Attorney for Respondent
37 North Street
Middletown, New York 10940

Debra J. Kiedaisch, J.
Respondent father moves by motion returnable March 23, 2004 to dismiss the petition brought by petitioner mother which alleges, inter alia, the father has failed to pay child support as previously ordered by the Court. The father's motion to dismiss the mother's support petition is based upon the alleged lack of a proper verification of the petition because the date in the jurat is incomplete (the year is missing). The father also alleges, in essence, that in the absence of a dated jurat the authority of the notary to have administered the oath on whatever date she did is not demonstrated. Generally, in the absence of a showing to the contrary, a notary is presumed to have acted within his or her jurisdiction and carried out his or her duties as required by law (Matter of Cubisino v. Cohen, 47 N.Y.S.2d 952, 954, affd. 267 App.Div. 891; see also, Matter of Weinbaum, 43 Misc.2d 991, 995, app. dismissed 24 A.D.2d 632, lv. dismissed 16 N.Y.2d 1078). Other than the inadvertent omission of part of the date, there is no showing the notary public acted outside her jurisdiction or contrary to law.
In any event, assuming, arguendo, that the verification is defective because the jurat is not properly dated, respondent, nevertheless, is not entitled to dismissal of the proceeding because a support proceeding under Article 4 of the Family Court Act (FCA) is not required under the controlling statute to be commenced by a verified petition.
The mother's petition to compel support is brought pursuant to the statutory authority set forth in Article 4 of the Family Court Act. The sole section in Article 4 which addresses the form [*2]and pleading requirements of a petition for support is set forth in FCA 423 which states:

"Proceedings under this article are commenced by the filing of a petition, which may be made on information and belief. The petitioner need not make a demand upon the respondent for support as a condition precedent to the filing of a petition for support. Any such petition for the establishment, modification, and/or enforcement of a child support obligation for persons not in receipt of family assistance, which contains a request for child support enforcement services completed in a manner as specified in section one hundred eleven-g of the social services law, shall constitute an application for such service." (emphasis supplied).
As can be read, the above referred to statute contains no requirement for a petition seeking to compel support to be verified. The Family Court Act is divided into 12 separate articles each dealing with a particular subject matter. The various articles set forth their own discrete pleading requirements. In several of those articles the legislature expressly set forth that petitions, therein, must be verified (see, FCA 523 [to establish paternity]; FCA 311.1(4) [to originate juvenile delinquency proceeding]). In other articles, with respect to originating a proceeding under those articles, no verification requirement for the petition is set forth, only that a petition be filed (see, FCA 423 [compel support]; FCA 732 [proceeding to adjudicate a person to be in need of supervision]; FCA 821 [family offense proceeding]; FCA 1031[a] [proceeding to determine abuse or neglect]). Thus, the omission of any requirement that a petition to compel support be verified reflects the conscious choice of the legislature in the drafting of that particular statute. It is the filing of a written support petition with the Family Court which triggers the jurisdiction of the Family Court (Matter of Sheehan v Sheehan, 221 AD2d 897; Matter of Mesick v Mesick, 71 AD2d 737; Matter of Rensselaer County Dept. of Social Servs. v. Cossart, 38 AD2d 635, 636; Hall v. Broome County Support Collection Unit on Behalf of Citriniti, 170 Misc.2d 27; Goldman v. Goldman, 132 Misc.2d 870); and there is no requirement in the relevant statue concerning support that the petition be verified (FCA 423).[FN1]
In support of the father's motion there is attached to his attorney's affirmation a printout of an official form support petition promulgated by the Office of Court Administration for the Unified Court System of the State of New York for uniform application in the Family Court (FCA 214; 22 NYCRR 205.7). This form provides that a verification be part of the petition. However, the Family Court is a Court of limited jurisdiction whose powers are defined by statute (see, Olsen v. Ucci, 3 A.D.3d 570). It is the statute, FCA 423, which is controlling as to the powers and jurisdiction of the Family Court, and not forms promulgated for use in the Family Court. As discussed, the precise language of FCA 423 does not require a petition to compel support be verified to originate a proceeding in Family Court (see, Matter of Silver v. Silver, 36 NY2d 324, 326). The verification in this case, defective or otherwise, must be considered surplusage as far as whether the petition successfully invokes the jurisdiction of the Family [*3]Court. The alleged defect in the verification is at most an irregularity which does not rise to the level of a jurisdictional defect. The petition is not defective or subject to dismissal as a matter of law because of a defective verification.
Accordingly, the respondent's motion is in all respects denied and dismissed.
Dated: Goshen, NY E N T E R
 March 26, 2003
 HON. DEBRA J. KIEDAISCH, J.F.C.

"Pursuant to section 1113 of the Family Court Act, an appeal must be taken within thirty days of receipt of the order by appellant in court, thirty-five days from the mailing of the order to the appellant by the clerk of the court, or thirty days after service by a party or law guardian upon the appellant, whichever is earliest."
TO:
Thomas G. Farrell, Esq.
Attorney for Respondent
37 North Street
Middletown, New York 10940
Julie Salengo
P.O. Box 182
Middletown, New York 10940
Att: Leslie Roosa
Support Collection Unit
P.O. Box 671
Goshen, New York 10924
Decision Date: March 26, 2003
Footnotes

Footnote 1:Even if a verified petition were required, the irregularity with respect to the incomplete date would be considered a nonprejudicial irregularity as to form subject to correction by amendment (Matter of Catrice W., 208 A.D.2d 935).