In related child custody proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Tarantino, J.), dated August 20, 2007, as directed him to pay to the mother the sum of $250 as “additional child support” for each day or part of any day that he fails to engage in visitation with the parties’ children, and the mother cross-appeals, as limited by her brief, from so much of the same order as, after a hearing, denied that branch of her petition which was to relocate to Florida with the parties’ children, and, in effect, denied those branches of her petition which were for sole custody of the parties’ children and to temporarily change the father’s visitation from unsupervised to supervised.
Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a de novo hearing on the mother’s petition, to be held with all convenient speed.
The mother’s petition sought (1) permission to relocate with the children to Florida, (2) a change from joint custody to sole custody, and (3) a temporary change of the father’s visitation from unsupervised to supervised. The Family Court conducted a hearing which focused almost exclusively on the relocation branch of the petition. In its order, issued at the conclusion of the hearing, the court did not address any issues relating to custody. Under the circumstances, including our concern that the parties’ presentations at the hearing *565 were circumscribed by the Family Court’s focus on the issue of relocation, the matter must be remitted to the Family Court, Suffolk County, for a de novo hearing on the mother’s petition. At that hearing, the Family Court should hear from, among others, the children themselves, now 10 and 15 years of age, and should consider all circumstances relevant to custody, visitation, and relocation.
Moreover, we agree with the father that the Family Court erred in directing him to pay $250 in additional child support to the mother for each future day of missed visitation. The Family Court has no jurisdiction to modify a child support order in the absence of a petition for such relief (see Family Ct Act § 422; Matter of Sheehan v Sheehan, 221 AD2d 897 [1995]; cf. Matter of Meadowcroft v Woods, 42 AD3d 572, 573 [2007]). Furthermore, the father was given no notice or opportunity to be heard regarding the issue of child support, which should not be increased without testimony or documentary evidence demonstrating a need for additional support (see Matter of Nowacki v Nowacki, 90 AD2d 795, 796 [1982]; Matter of Eason v Eason, 86 AD2d 666 [1982]).
The mother’s remaining contention is without merit. Prudenti, EJ., Mastro, Fisher and Dillon, JJ., concur.