Matter of Saratoga County Support Collection Unit v Caudill (2018 NY Slip Op 02375)





Matter of Saratoga County Support Collection Unit v Caudill


2018 NY Slip Op 02375


Decided on April 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 5, 2018

524069

[*1]In the Matter of SARATOGA COUNTY SUPPORT COLLECTION UNIT, on Behalf of KATHLEEN A. HUBERT, Petitioner,
v
JEFFREY HOWARD CAUDILL, Appellant. (And Another Related Proceeding.)

Calendar Date: February 16, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Rumsey, JJ.


Brian M. Quinn, Albany, for appellant.


Devine, J.

MEMORANDUM AND ORDER
Appeal from two orders of the Family Court of Saratoga County (Jensen, J.), entered November 3, 2016, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.
Kathleen A. Hubert (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2006). A 2013 consent order was issued in Washington County that required the father to, among other things, pay $150 a week in child support via a support collection unit. In 2015, the mother filed a petition in Saratoga County alleging that the father had willfully violated the 2013 support order by failing to make
child support payments. Family Court confirmed the Support Magistrate's finding of a willful violation, entered a judgment against the father for the amount of arrears and sentenced him to a 60-day term of incarceration, the sentence suspended on the condition that he timely pay his regular support obligation plus $50 a week toward arrears.
The mother filed a petition in February 2016 alleging that the father had willfully violated the prior support obligation. The mother withdrew that petition and, in March 2016, it was dismissed by a Support Magistrate. The same day that the February 2016 petition was dismissed, an employee of petitioner — the Saratoga County Support Collection Unit — executed an affidavit stating that the father had failed to make required support payments and requesting that he be directed to serve the suspended jail sentence imposed in the 2015 order. Family Court [*2]acknowledged on the record that the February 2016 petition had been dismissed, treated the affidavit as a violation petition filed by petitioner and, following a hearing, found that the father had willfully violated his prior support obligation. Family Court then issued two orders of disposition addressing the mother's previously dismissed February 2016 petition and the ostensible March 2016 petition. The orders embodied the findings of willful violation and directed the father to serve an aggregate jail sentence of 150 days. The father now appeals.[FN1]
We begin by observing that the father challenges the findings of willful violation made by Family Court, an issue that "has not been rendered moot by the completion of his incarceration" (Matter of Washington County Dept. of Social Servs. v Costello, 111 AD3d 1104, 1105 [2013], lv denied 22 NY3d 861 [2014]; see Matter of France v Buck, 299 AD2d 716, 716 [2002]). The father's challenge was not made before Family Court, but the claim that a court lacked subject matter jurisdiction "may be raised at any time and may not be waived" (Matter of Jamie J. [Michelle E.C.], 30 NY3d 275, 282 [2017]; see Rothschild v Braselmann, 157 AD3d 1027, 1028 n 1 [2018]). Family Court has continuing jurisdiction over support proceedings (see Family Ct Act § 451 [1]) and "is empowered 'to determine applications to modify or enforce judgments and orders of support'" (Matter of Chemung County Support Collection Unit v Greenfield, 109 AD3d 4, 5 [2013], quoting Matter of Suffolk County Dept. of Social Servs. v Spinale, 57 AD3d 681, 683 [2008]; see NY Const, art VI, § 13 [c]; Family Ct Act §§ 115 [a] [ii]; 454 [1]). Nevertheless, Family Court has no jurisdiction to enforce a support order absent "the filing of a petition containing an allegation that the respondent has failed to obey a lawful order" (Family Ct Act § 453; see NY Const, art VI, § 13 [c]; Family Ct Act §§ 423, 454 [1]; Matter of Mesick v Mesick, 71 AD2d 737, 738 [1979]; see also Matter of Sheehan v Sheehan, 221 AD2d 897, 898 [1995], lv dismissed 88 NY2d 932 [1996]; Matter of Rensselaer County Dept. of Social Servs. v Cossart, 38 AD2d 635, 635 [1971]).
The dismissal of the mother's February 2016 petition by the Support Magistrate became final in the absence of any objections to it (see Family Ct Act § 439 [e]; Matter of Renee XX. v John ZZ., 51 AD3d 1090, 1092 [2008]). Family Court's jurisdiction terminated upon the dismissal of that petition, and it therefore had no power to issue the appealed-from dispositional order relating to it (see e.g. Matter of Harriet II. v Alex LL., 292 AD2d 92, 94 [2002]). With regard to the March 2016 affidavit, its improper form would not categorically bar treating it as a violation petition (see CPLR 103 [c]; 402, 3026; Family Ct Act § 165 [a]). Petitioner signaled that the affidavit should not be treated in that manner, however, advising Family Court that the support issues referred to in the affidavit were the responsibility of the Washington County Support Collection Unit and expressing surprise that one of its employees had prepared the affidavit. Indeed, Family Court had to direct petitioner to produce a witness at the hearing on the "petition" after again being told that it was not petitioner's case, and petitioner advises this Court that it is "not a party" and has no standing to participate in the present appeal. Petitioner has always maintained, in other words, that it was not tasked with "collect[ing], account[ing] for and [*3]disburs[ing] funds paid pursuant to" the prior support obligation and could not file a violation petition (Social Services Law § 111-h [1]; see Family Ct Act § 453 [a]). Under these circumstances, the March 2016 affidavit filed by petitioner can in no way be viewed as a petition granting Family Court jurisdiction to act. Thus, in the absence of an extant petition before it, Family Court lacked authority to issue either dispositional order.
McCarthy, J.P., Egan Jr., Clark and Rumsey, JJ., concur.
ORDERED that the orders are reversed, on the law, without costs, and petitions dismissed.



Footnotes

Footnote 1: The two orders of disposition were entered on the same day and, while the father attacks them both, his notice of appeal only references the order relating to the March 2016 petition. Because the orders were entered on the same day and, in the absence of any prejudice, we exercise our discretion and overlook the inaccurate description in the notice of appeal and treat the appeal as having been taken from both orders (see CPLR 5520 [c]; Matter of Vincent X. v Christine Y., 151 AD3d 1229, 1229 n [2017]).